**UNITED STATES of America**

**v.**

**Dennis Rex BONHAM, David Duan Fletcher.**

**Appeal of David FLETCHER, Appellant.**

**No. 71–2097.**

United States Court of Appeals, Third Circuit.

Submitted En Banc Jan. 3, 1973.

Decided April 2, 1973.

Howard Lesnick, Professor of Law, Philadelphia, Pa., for appellant.

Robert E. J. Curran, U. S. Atty., Frank J. Bove, and Richard R. Galli, Asst. U. S. Attys., Philadelphia, Pa., for appellee.

Before SEITZ, Chief Judge, and HAS-TIE, VAN DUSEN, ALDISERT,

---

ADAMS, GIBBONS, ROSENN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Circuit Judge.

David Fletcher has taken this appeal from a conviction of criminal acquisition of heroin in violation of subsection 4704 (a) of Title 26, United States Code. That subsection also creates a presumption of illegal acquisition or trafficking from "possession" of the specified narcotic in other than the required stamped package.[1]

Fletcher was indicted and tried along with his half brother, Dennis Bonham. At trial the government showed that police officers, executing a search warrant, entered the home of the defendants' mother where she lived together with her two accused sons, her daughter, the daughter's husband, and Fletcher's infant daughter. In the course of their search the officers entered a room that was the shared bedroom of Bonham and Fletcher. Both men and Fletcher's daughter were in the room at the time. During their search of this bedroom the officers discovered a quantity of heroin, in other than lawfully stamped packages. secreted in a hidden recess above the bed-room doorway, apparently behind the door frame. No other heroin was found upon the person of either defendant or elsewhere in the room. One of the officers testified that suspicious articles other than heroin, which he called "suspected marijuana" and "suspected phenaphen tablets" were observed in plain view on a table. No proof was introduced that these articles were what the officer suspected, and they are not a subject of this prosecution.

■ Having introduced this evidence, the prosecution rested. The defendants moved for dismissal on the ground that "possession" of the heroin, from which criminal acquisition or trafficking could be presumed, had not been proved. The court denied the motion and the defense rested. Thereupon, the court, sitting without a jury, found both defendants guilty as charged. Fletcher alone has appealed.

■ That "possession" which, under the statute, creates a presumption of criminal traffic in certain narcotics can be established by a showing that the accused knowingly had the contraband under his "control or dominion" (a situation sometime denominated "constructive possession") even though it was not found on his person or within his immediate reach. See United States v. Davis, 3d Cir. 1972, 461 F.2d 1026, 1035; McClure v. United States, 9th Cir. 1964, 332 F.2d 19, 23; United States v. Holland, D.C.Cir. 1971, 144 U.S.App.D.C. 225, 445 F.2d 701, 703. But where the evidence does not permit a finding beyond reasonable doubt that the accused had knowing control or dominion over the contraband the factual basis for the statutory presumption is lacking. United States v. Bethea, 143 U.S.App.D.C. 68, 1971, 442 F.2d 790; United States v. Thomas, 9th Cir. 1971, 453 F.2d 141, cert. denied 405 U.S. 1069, 92 S.Ct. 1516, 31 L.Ed.2d 801. In this view the evidence against Fletcher was fatally deficient.

■■ Where a person is the sole occupant of a room and has the right to exclude all others from it, it may logically be inferred that he has knowing dominion and control over objects so situated in his room that he is likely to be aware of their presence. United States v. Palmer, D.C.Cir. 1972, 467 F.2d 371. But the situation is different where two persons share the occupancy of a room and the right to exclude others from it. Depending upon the circumstances, either or both may have knowing dominion and control over a particular chattel, and choice between these alternatives must be based on more than speculation. Thus, in United States v. Davis, *supra,*

---

1. This section has since been repealed. P.L. 91–513, Title III, § 1101(b)(3)(A), Oct. 27, 1970, 84 Stat. 1292. Unlawful "simple possession" is now defined by and punishable under 21 U.S.C. § 844.

we considered the situation of an apartment shared by a father and his adult daughter. Both of them were in the kitchen when arrestng officers found quantities of heroin and paraphernalia for its use in plain view on a kitchen table and on the floor nearby. We held that these circumstances warranted an inference that both occupants were exercising knowing dominion and control over the contraband.

But the facts in the present case are in sharp contrast with the facts in *Davis*. Here the heroin was hidden. The officer who discovered it described the hiding place as above the doorway "behind the ledge that they had like a false front on it." In these circumstances the prosecution has had to contend that when it has been established that two men shared a bedroom as their common place of abode, no more than the discovery of an article in that room on an occasion when both of them are present is necessary to warrant a finding in a criminal case that both of them had knowing dominion and control over the article. This reasoning cannot be squared, with the requirement that every essential of a crime must be established beyond reasonable doubt. And the better reasoned cases reject it. Evans v. United States, 9th Cir. 1958, 257 F.2d 121, cert. denied 358 U.S. 866, 79 S.Ct. 98, 3 L.Ed.2d 99; Guevara v. United States, 5th Cir. 1957, 242 F.2d 745; Commonwealth v. Schuloff, 1971, 218 Pa.Super. 209, 275 A.2d 835; *Contra*, United States v. Bridges, 8th Cir. 1969, 419 F.2d 963. As the court said in Evans v. United States, *supra*, "since he was not in exclusive possession of the premises, it may not be inferred that he knew of the presence of the narcotics and had control over them, unless there are other incriminating statements or circumstances tending to buttress such an inference." [2]

Here there was nothing except the joint occupancy of the room upon which an inference of possession could be based. A fact finder could only speculate whether both of the room's occupants or a particular one of them even knew of the cache, much less exercised control over the hidden contraband.

We have not overlooked the testimony of one of the searching officers that suspicious articles other than heroin were found in plain view on a table in the bedroom. But even if the prosecution had proved that these articles were marijuana and phenaphen, as the officer said he suspected, appellant's awareness of their presence would be no evidence of knowledge that heroin was concealed elsewhere.

For these reasons, the court that tried this case without a jury should have granted Fletcher's motion for acquittal on the ground that the evidence provided no more than an occasion to speculate whether he, or his brother, or both of them knew of the hidden heroin and exercised control over it.

Finally, the substantiality of the risk of unfairness if an inference of possession is permitted in this type of case is strikingly demonstrated by circumstances disclosed by the entire record of this prosecution that has been certified to us, although the relevant evidence was not offered at trial.

At a pretrial hearing on a defense motion to suppress evidence it was brought out that the search in this case had resulted from information supplied to the government by a "reliable" informant. He had stated that he had visited the home in question many times and on several occasions had visited the living quarters of Bonham and Fletcher where Bonham had shown him glassine envelopes containing white pow-

---

2. 257 F.2d at 128. In the *Evans* case the court found that there were other indicia of appellant's dominion and control over the narcotics.

United States v. Gulley, 6th Cir. 1967, 374 F.2d 55, and Eason v. United States, 9th Cir. 1960, 281 F.2d 818, upon which the prosecution relies, also presented factual indicia of possession in addition to the circumstance of joint occupancy of an automobile in which narcotics were found.

**1140**

der and had told him that the powder was heroin. There was no suggestion that Fletcher had been present on any of these occasions.

In addition, it was established during the presentence procedure after conviction that Bonham was a heroin addict.

These circumstances would have illuminated the critical issue of possession. Apparently, Fletcher's former counsel, who represented both Bonham and Fletcher at the trial, was not in position to make this showing since it would have inculpated his client Bonham, though it also would have tended to exculpate his client Fletcher. We mention these circumstances, not on the issue of the propriety of the dual representation which we do not reach, but to demonstrate the potential for unfairness if courts should permit an inference of possession from the fact of joint occupancy of a bedroom in which contraband is hidden, absent anything more that tends to inculpate the accused.

The judgment will be reversed and the cause remanded for the entry of a judgment of acquittal.