**Leroy WALKER, Jr., Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 73–1563.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1973.

Decided Jan. 16, 1974.

Kenneth K. Simon, Kansas City, Mo., for appellant.

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and STUART,* District Judge.

PER CURIAM.

Leroy Walker, Jr. appeals from a conviction of possession with intent to distribute narcotics in violation of 21 U.S. C. § 841(a)(1). We have carefully reviewed the record and affirm the conviction.

On June 13, 1972, special agents assigned to DALE (Drug Abuse Law Enforcement Task Force) broke into an apartment dwelling located in Kansas City, Missouri, and, in the execution of a search warrant, seized quantities of heroin including approximately 32 grams contained in a plastic bag located upon a dresser top in a bedroom. Law enforcement officers found smaller quantities of heroin in the kitchen. The conviction against appellant rested upon the seizure of narcotics in the bedroom. Appellant and the lessee of the apartment, Ms. Gloria Tucker, were within the premises at the time of the search and seizure.

* WILLIAM C. STUART, District Judge, Southern District of Iowa, sitting by designation.

Appellant raises two issues on this appeal. He first claims that the evidence is insufficient to show him in possession of the heroin, arguing that his mere presence within the apartment will not sustain the guilty verdict. Second, appellant claims error in the trial court's refusal to instruct the jury regarding the failure of a party to produce an absent witness. Neither point carries any merit.

Regarding the sufficiency of the evidence, appellant argues that United States v. Bonham, 477 F.2d 1137 (3d Cir. 1973) (en banc), requires reversal since it is on all fours with the circumstances of this case. In *Bonham*, police executed a search warrant by entering the home of appellant's mother which was occupied by her two accused sons, her daughter, her daughter's husband, and the infant daughter of one son. In searching the shared bedroom of the two sons, police found narcotics concealed in a hidden recess above the bedroom doorway. The court held that this fact, without more, was not sufficient to sustain the conviction, for:

> Here there was nothing except the joint occupancy of the room upon which an inference of possession could be based. A fact finder could only speculate whether both of the room's occupants or a particular one of them even knew of the cache, much less exercised control over the hidden contraband.
>
> We have not overlooked the testimony of one of the searching officers that suspicious articles other than heroin were found in plain view on a table in the bedroom. But even if the prosecution had proved that these articles were marijuana and phenaphen, as the officer said he suspected, appellant's awareness of their presence would be no evidence of knowledge that heroin was concealed elsewhere. [477 F.2d at 1139.]

■ We have no quarrel with this decision, for the *Bonham* court itself distinguishes a case in which the narcotics are hidden, as in *Bonham*, from one, like the instant case, where the narcotics are in plain view. 477 F.2d at 1138–1139; *cf.* United States v. Davis, 461 F.2d 1026 (3d Cir. 1972). Here, the evidence inexorably points to appellant as constructively possessing the narcotics in question. We briefly detail some of the circumstances.

Although Ms. Tucker had rented the apartment approximately one month before the raid, the evidence indicated that appellant was more than a temporary occupant. He possessed a duplicate set of keys to the apartment. Although Walker was discovered in the nude when law enforcement officers entered the apartment, the searchers found the clothes he had been wearing hung in the bedroom closet near where the heroin was found. Other male clothing hung in the closet, his wallet was on the dresser, and sets of underclothing were in the dresser drawers. Ms. Tucker conceded Walker was a "boyfriend" and the building manager testified to seeing Walker in the apartment complex about 10 or 15 times and noted the overnight presence of Walker's Cadillac automobile in the apartment parking lot the same number of times.

Upon entry into the apartment, police observed that Walker stood an arm's length away from a loaded revolver which lay upon a nearby counter top. Ms. Tucker in her own testimony denied ownership of the narcotics and the loaded firearm. While she sought to suggest that Herb Woody Jones, a government informer, had delivered the heroin to the apartment on the day of the search, her testimony in this respect was impeached.

From our review of the record, we find ample evidence to support a reasonable inference that appellant jointly occupied the premises where the heroin was discovered and that he was in knowing control or dominion over the heroin in question. *See* United States v. Bridges, 419 F.2d 963 (8th Cir. 1969); United States v. Davis, *supra.*

As to the second issue, we find no merit to the claim that the court erred in failing to give the "missing witness" instruction.[1] Appellant made no adequate showing that the government at the time of trial possessed the sole power to produce Jones as a witness. Moreover, appellant did not request that the government make Jones available as a witness, either at the time of trial or earlier. There is no error. *See* Johnson v. United States, 291 F.2d 150, 155 (8th Cir.), cert. denied, 368 U. S. 880, 82 S.Ct. 130, 7 L.Ed.2d 80 (1961).

Accordingly, we affirm.

---

1. *See, e. g.,* E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 11.33 (1970):

If it is peculiarly within the power of either the prosecution or the defense to produce a witness who could give material testimony on an issue in the case, failure to call that witness may give rise to an inference that his testimony would be unfavorable to that party. However, no such conclusion should be drawn by you with regard to a witness who is equally available to both parties, or where the witness's testimony would be merely cumulative.

The jury will always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.