**UNITED STATES of America, Appellee,**

v.

**Robert Louis JACKSON, Appellant.**

**No. 80-1849.**

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1981.

Decided April 23, 1981.

---

J. Whitfield Moody, U. S. Atty., Mark J. Zimmermann, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Hillix, Brewer, Hoffhaus & Whittaker, Mark G. Flaherty, Kansas City, Mo., for appellant.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Appellant Robert Louis Jackson appeals from a judgment of the District Court[1] for the Western District of Missouri sentencing appellant to two years imprisonment after appellant's conviction under 18 U.S.C.App. § 1202(a)(1) for unlawful possession of a firearm by an ex-felon. Appellant argues that the evidence was insufficient to show that he possessed the firearms in question, both found in an apartment where appellant was arrested on another charge. We disagree and affirm.

Appellant's main contention is that the jury could not have found that he was the sole occupant of the apartment and owner of the guns because a tenant other than appellant was registered with the apartment's management, because other persons had keys to the apartment, and because another individual was with appellant in the apartment when the guns were found. Moreover, appellant's fingerprints were not observed on the guns. But the record shows each of these matters to be insubstantial. The apartment manager testified that appellant was the actual tenant of the apartment at the time the firearms were discovered there and that she had not seen the previous tenant for more than six months prior to that time. Although there was evidence others had keys to the apartment, there was no evidence that anyone besides appellant kept possessions in the apartment at the time the firearms were discovered. Although a woman was then in the apartment with appellant, the evidence showed that no women's clothes were found in the closets, but men's clothes, some belonging to appellant, were found there. Finally, the apartment manager testified that she had seen appellant two or three months beforehand with a large weapon resembling the shotgun found in the apartment.

The above evidence was clearly sufficient for the jury to infer that objects found in the apartment, specifically the firearms, were in appellant's possession at least constructively. The evidence connecting appellant with the firearms was far more than mere occupancy of the room which may have been shared by others, and this case is therefore not similar to *United States v. Bonham*, 477 F.2d 1137 (3d Cir. 1973), relied upon by appellant. *See also Walker v. United States*, 489 F.2d 714 (8th Cir. 1974) (per curiam). Appellant recognizes that the jury was properly instructed on the matter. Its verdict was supported by substantial evidence.

For the reasons stated above, the conviction is affirmed.

---

1. The Honorable Elmo B. Hunter, United States Senior District Judge for the Western District of Missouri.