**UNITED STATES of America**

v.

**Vivian GREEN, Cora Green.**

**Crim. No. 86–0319.**

United States District Court, District of Columbia.

Jan. 30, 1987.

---

Blanche Bruce Office of the U.S. Attorney, Wash., D.C., for U.S.

Edward C. Sussman, Wash., D.C., for Vivian Green.

W. Gary Kohlman, Washington, D.C., for Cora Green.

## MEMORANDUM

FLANNERY, District Judge.

This matter comes before the court on defendants' Motion for Judgment of Acquittal or, in the Alternative, a New Trial. After a jury trial, defendants Vivian and Cora Green were convicted of two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a). Because the government failed to meet its burden of proof at trial as to the critical element of possession, defendants' motion for judgment of acquittal is granted.

### I. *Background*

On August 22, 1986, at approximately 10:15 p.m., several members of the Metropolitan Police Department executed a valid search warrant for the premises at 5414 3d Street, N.W., apartment 2. When the police entered the apartment, they found three individuals there: defendants Vivian and Cora Green, and Cora Green's infant child, whom she was holding. Cora Green was in the living room when the police entered. Vivian Green was in the back of the apartment and walked toward the po-lice, into the living room, when they entered the apartment.

In the course of executing the search warrant, police officers found the following items:

1. In the living room, in the bottom of a cardboard box, beneath several layers of newspapers, magazines, adult clothing, baby clothing, and a baby seat, police found two brown paper bags containing 613 packets or "quarters" of heroin, packaged in a manner that indicated it was ready for street distribution.

2. On the back porch, in a supermarket shopping bag, police found four 16 ounce soda pop bottles, each filled with liquid phencyclidine ("PCP").

3. In the bedroom, beneath a pile of clothing, police found several bundles of U.S. currency, totalling slightly over $2000.

At trial, the Government introduced evidence that the search took between 30 minutes and two hours. Each officer who testified stated that there were no items in plain view in any area of the apartment that indicated drug use or the presence of controlled substances on the premises. In addition, the testimony of the Government's witnesses was consistent that neither defendant made any effort to conceal the contraband items, or to interfere in any way with the execution of the warrant.

As to the individual items seized, the officer who discovered the heroin testified that she removed several layers of clothing and magazines before reaching the two brown bags, and that even after she removed one of the quarters of heroin from the bag, she had to take it to her commanding officer to be identified, since she herself did not know what it was. The officer who discovered the PCP testified that, despite many years' experience with the Metropolitan Police Department, he did not know the contents of the 16 ounce bottles until he opened one and held it under his nose. He testified that there was no odor emanating from the bottles before he opened one of them. Finally, the bundles of money were found in a pile of clothes

about half an hour into the search of the one-bedroom apartment. The officer who found the money testified that items of clothing were strewn about the room, some of which had been pulled from the closet pursuant to the search. The officer could not testify as to which items of clothing had contained the money.

The Government introduced evidence that at least five persons, including defendants, used 5414 3d Street, N.W., apartment 2 as a mailing address. One was a juvenile—defendant Vivian Green's son. The defense then offered testimony of a witness who testified that, one or two days prior to the search, he had been in apartment 2 with only the juvenile Green present and that the juvenile had taken the witness out to the back porch and shown him the 16 ounce bottles containing PCP.

## II. *Discussion*

In considering a motion for judgment of acquittal, "the trial court must view the evidence in the light most favorable to the Government, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact." *United States v. Davis*, 562 F.2d 681, 683 (D.C.Cir.1977). *See* Government's Opposition at 2. However, a motion for judgment of acquittal *"must* be granted when the evidence, viewed in the light most favorable to the Government, is such that a reasonable juror must have a reasonable doubt as to the existence of any of the essential elements of the crime." *Austin v. United States*, 382 F.2d 129, 138 (D.C. Cir.1967) (emphasis in original). *See* Defendant's Memorandum at 4. The element as to which the jury must, as a matter of law, have had a reasonable doubt is that of intent to possess. Other than the evidence of what was found in the apartment, and of defendants' presence in the apartment at the time of the search, the Government offered no proof of this element.

In *United States v. Lawson*, 682 F.2d 1012 (D.C.Cir.1982), the United States Court of Appeals for the District of Columbia Circuit set forth the ways in which the Government can meet its burden as to a charge of possession of narcotics:

> Possession of a narcotic drug may be either actual or constructive.... Constructive possession may be shown through direct or circumstantial evidence of dominion and control over the contraband, ... and may be found to exist where the evidence supports a finding that the person charged with possession was knowingly in a position, or had the right to exercise "dominion or control" over the drug.

*Id.* at 1017 (citations omitted), *quoting United States v. Raper and Childs*, 676 F.2d 841, 847 (D.C.Cir.1982).

The Court of Appeals for this Circuit has also approved the holding of the Third Circuit in *United States v. Bonham*, 477 F.2d 1137 (3d Cir.1973), which is directly apposite to the instant case. In *Bonham*, two brothers shared a bedroom in which police found illegal narcotics. The Third Circuit there held that if one person is the sole occupant of a room, a jury may infer knowing dominion and control over those items found in the room. However, if more than one person occupies a room, the court held that "either or both may have knowing dominion and control," and that "the choice between these alternatives must be based on more than speculation." *Id.* at 1138. The Government in the instant case, faced with a situation in which at least four adults and one juvenile occupied defendants' apartment, offered no evidence to support the proposition that defendants had the requisite knowledge to be convicted for possession of controlled substances.

The District of Columbia Circuit has confronted factual situations distinguishable from *Bonham* that have led it to affirm convictions for possession while still approving the *Bonham* rule. Two fact patterns have arisen that make conviction more appropriate than it is in the instant case. In the first pattern, the Government introduced evidence of illegal narcotics or drug paraphernalia *in plain view* of both police and the occupants of the premises searched. *See, e.g., United States v.*

*James,* 764 F.2d 885, 890 (D.C.Cir.1985) (drugs and paraphernalia in plain view); *United States v. Staten,* 581 F.2d 878, 885 (D.C.Cir.1978) (drugs and distribution paraphernalia "openly strewn about"); *United States v. Davis,* 562 F.2d 681, 692–3 (D.C. Cir.1977) (scales, plastic bags, hashish and marijuana in plain view in defendant's bedroom). The D.C. Circuit has held in this type of case that the presence of contraband in plain view supports an inference of knowledge of that contraband by the resident, whereas absence of such evidence would compel a different result.

In the second pattern of cases, the Government introduced evidence that defendants acted in a manner consistent with knowledge or guilt. *See, e.g., United States v. James,* 764 F.2d 885 (D.C.Cir. 1985) (defendant attempted to disarm arresting officer, and to destroy evidence of narcotics by running water into a jar containing marijuana); *United States v. Staten,* 581 F.2d 878, 885–6 (D.C.Cir.1978) (defendant slammed door on police executing search, and police found garbage disposal containing money and heroin running when they entered minutes later). In this latter situation, defendants' conduct has been held to support an inference of knowing dominion and control.

However, in both types of cases, while this Circuit has affirmed convictions for possession, it has reiterated the insufficiency of "mere presence of the accused on the premises." *United States v. Staten,* 581 F.2d at 884, and has noted with approval the *Bonham* court's ruling that where there is no other evidence to support an inference of knowing possession, a judgment of acquittal is proper. *See United States v. James,* 764 F.2d at 890; *United States v. Lawson,* 682 F.2d at 1017; *United States v. Staten,* 581 F.2d at 884 and n. 55 (where "there is nothing except the joint occupancy of the [premises] upon which an inference of possession could be based," a judgment of acquittal is proper).

Such is the state of the evidence here. In order to convict defendants, the jury would have had to infer knowing dominion and control from the mere discovery of contraband in an apartment shared with at least four others. There was no evidence of any contraband or drug paraphernalia in plain view. Indeed, the items seized were only discovered after a thorough search, in one case beneath several layers of clothing and magazines, and in another after opening a bottle and sniffing its contents. Such an inference is impermissible as a matter of law.

The testimony of the defense witness that a juvenile resident of the searched premises showed the witness the PCP makes this inference still more improper, since it strongly suggests that someone other than defendants had knowing dominion and control of the seized narcotics. *See United States v. Bonham,* 477 F.2d at 1139–40 (inadmissible evidence that one of two joint occupants told an informant that the seized narcotics were his "demonstrates the potential for unfairness if courts should permit an inference of possession from the fact of joint occupancy of a bedroom in which contraband is hidden, absent anything more that tends to inculpate the accused.").

The Government, in its opposition, focuses on the intent not to possess but to distribute the seized narcotics, and relies on the testimony of its expert to support the jury's verdict. However, this element is not the one in issue, and therefore the Government's argument is misplaced. Expert testimony on the way drugs are packaged for street sale, how a drug operation works, or the existence of 'stash houses' does not provide the evidence needed to support a determination that defendants knowingly possessed the contraband, or to take the jury's actions beyond the "speculation" which the *Bonham* court held impermissible.

Finally, the Government contends that the cases relied upon by defendants are no longer authoritative, since the subsection under which Bonham was prosecuted has been repealed. *See* Government's Opposition at 4–5, *citing* P.L. 91–513, Title III, § 1101(b)(3)(A), Oct. 27, 1970, 84 Stat.

1242–1296, 21 U.S.C. § 801 *et seq.* Again, the Government confuses the element of intent to possess with the element of intent to distribute. The repeal of 21 U.S.C. § 174, which had permitted a conclusive presumption of trafficking from a finding of possession, is irrelevant to the question presented by defendants' motion, which is whether the finding of possession is itself proper given the evidence. Moreover, the amended act, enacted in 1970, has been followed by numerous D.C.Circuit cases which affirm *Bonham* in the way discussed above at 1314–15.

In addition, in the context of possession not of narcotics but of firearms, the D.C. Circuit has recently spoken to the very issue presented by this motion. In *United States v. Foster,* 783 F.2d 1087 (D.C.Cir. 1986), the court reversed a conviction for possession of an unregistered firearm based upon a determination that the evidence was insufficient to support a finding that the defendant knew where the gun was and had the ability or right to exercise dominion or control over it. The court so held although the facts in *Foster* raised a far stronger inference of knowledge than is present in the instant case. In *Foster,* defendant was an employee in a variety store, who was observed behind a counter during his workday. Beneath the counter was a shotgun which police testified was "approximately at [defendant's] fingertips when they entered the store," with "the butt of the gun ... visible when [defendant] knelt behind the counter." 783 F.2d at 1089. Nevertheless, the court held that the Government's evidence was insufficient to support a guilty verdict. *A fortiori,* the facts of the instant case, in which no narcotics were visible to trained police officers without a search, and in which no evidence was offered to support an inference of knowledge of existence of the illegal narcotics, let alone of the intent on defendants' part to exercise dominion and control over them, a judgment of acquittal is proper.

An Appropriate Order accompanies this Memorandum.

ORDER

This matter came before the court on defendants' Motion for Judgment of Acquittal, or in the Alternative, a New Trial. Upon consideration of the motion, the opposition thereto, the entire record herein, and oral argument, and for the reasons stated in the accompanying Memorandum, it is by the court this 30th day of January, 1987

ORDERED that defendants' Motion for Judgment of Acquittal is granted; and it is further

ORDERED that a judgment of acquittal be, and hereby is, entered in favor of defendants Vivian and Cora Green.