

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-10-2007

# USA v. Wilson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1063

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Wilson" (2007). *2007 Decisions*. Paper 112.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/112

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 06-1063

UNITED STATES OF AMERICA

v.

CHARLES WILSON

Appellant

Appeal from Judgment of Conviction
in Criminal No. 04-330 in the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 04-cr-00330)
District Judge: Hon. Berle M. Schiller

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2007

Before: McKEE, AMBRO, Circuit Judges
and ACKERMAN, Senior District Judge[*]

(Filed December 10, 2007)

_____

OPINION

_____

McKEE, Circuit Judge

    Charles Wilson appeals his convictions for illegal possession of a firearm by a convicted

felon, in violation of 18 U.S.C. § 922(g)(1), and possession of a controlled substance, in

_____

[*] Honorable Harold A. Ackerman, Senior United States District Judge for the District of
New Jersey sitting by designation.

violation of 21 U.S.C. § 844(a).  For the following reasons, we will affirm.[1]

Because we write primarily for the parties who are familiar with this case, we will only recite the factual and procedural background to the extent necessary to our discussion.

## I.  The Jury Instruction on Unanimity.

We review jury instructions for an abuse of discretion.  *United States v. McLaughlin*, 386 F.3d 547, 551-52 (3d Cir. 2004).  Wilson claims the district court erred in telling the jury: "you have to be unanimous on whatever you do" when the jury asked whether one juror had "the right to block an otherwise guilty decision."   Wilson contends that the instruction  was erroneous because it was coercive and improperly suggested that the jury had an obligation to reach a unanimous decision without informing the jurors that a "hung jury" is an acceptable outcome where unanimity can not be reached.  We disagree.

Absent some evidence of coercion or confusion, the jury need not be specifically informed that a unanimous verdict is not required.  *United States v. Price*, 13 F.3d 711, 725 (3d Cir. 1994).  "The mere absence of such an instruction [that a hung jury is an acceptable result] does not in and of itself suggest coercion." *Id.*   There is no evidence of confusion or coercion on this record, and nothing to suggest that any juror would believe it was necessary to compromise his/her view of the evidence to allow the jury to return a unanimous verdict.

Wilson mistakenly relies on *United States v. Fioravanti* in challenging the instruction. There, we stated that judges should not direct a juror "to distrust his own judgment if he finds a large majority of the jurors taking a view different from his."   412 F.2d 407, 420 (3d Cir. 1969).

---

[1]  The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction  pursuant to 28 U.S.C. § 1291.

However, Wilson ignores that here the judge here specifically told the jurors that they must reach a unanimous verdict "if you can do so without violence to your own individual judgment." The court also explained that each juror's "final vote must reflect your conscientious conviction as to how issues should be decided." Accordingly, Wilson's claim of a coercive instruction is without merit.

## II. Sufficiency of the Evidence and Motion for a Judgment of Acquittal.

Wilson argues that the evidence was not sufficient to support his conviction. Since Wilson failed to file a timely motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(c),[2] our review is for plain error, and Wilson has the burden of establishing any such error.[3] *United States v. Olano*, 507 U.S. 725, 741 (1993). The evidence was clearly sufficient to establish Wilson's constructive possession of the .357 magnum.

Constructive possession is established when "a person who, although not in actual possession, knowingly has both the *power and the intention* at a given time to exercise dominion or control over a thing, either directly or through another person or persons." *United States v. Garth*, 188 F.3d 99, 112 (3d Cir. 1999). Mere proximity is insufficient to establish intent to exercise dominion and control over the item. *United States v. Jenkins*, 90 F.3d 814, 818 (3d Cir. 1996) (quoting *United States v. Brown*, 3 F.3d 673, 680 (3d Cir. 1993), *cert. denied*, 510 U.S. 1017 (1993)).

---

[2] To be timely, Wilson had to file his motion by May 26, 2005. It was not submitted until May 31, 2005.

[3] In order to demonstrate plain error Wilson must establish error, that was "plain" that substantially affected his rights, and "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (internal citations omitted) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). If he establishes such error, we then have *discretion* to award relief. *Id.*

The .357 magnum was in Wilson's bedroom in a residence where Wilson had been living for four months. Access to his bedroom was controlled by locks on the door, and the evidence supported a finding that only Wilson stayed in the bedroom. "Where a person is the sole occupant of a room and has the right to exclude all others from it, it may logically be inferred that he has knowing dominion and control over objects so situated in his room that he is likely to be aware of their presence." *United States v. Bonham*, 477 F.2d 1137, 1138 (3d Cir. 1973).

The gun was found in a "ready" position that was demonstrated at trial and established that the gun was positioned so it could quickly and easily be retrieved. Moreover, it was clearly visible from Wilson's bed and could be reached without moving the adjacent dresser and was visible without using a flashlight. This was sufficient to allow the jury to conclude that Wilson intended to exercise dominion and control over that weapon.

Although Wilson testified that the gun was planted by the arresting officers, the jury obviously rejected that testimony. Jurors also obviously disbelieved his testimony that he was unaware of the gun's existence. Thus, there was no error in denying his motion for judgment of acquittal, and certainly no plain error.

### III. Jury Instruction Regarding "Knowing" Possession

The district court did not err in failing to instruct the jury that Wilson could not be convicted of "knowingly" possessing the three packets of cocaine if he momentarily possessed those packets by mistake or accident or other innocent reason. Because Wilson did not challenge the district court's jury instruction on knowing possession at the time of trial, we again review for plain error. *Olano*, 507 U.S. at 734, *United States v. Antico*, 275 F.3d 245, 265 (3d Cir. 2001); *see also supra* note 2 (explaining the plain error standard).

4

Wilson asserts that there was plain error because the instruction deprived him of the defense of mistaken, accidental, or innocent possession in the context of constructive possession. However, there is nothing on this record to suggest that his possession was innocent or mistaken. Absent any such evidence, the defense of innocent or mistaken possession simply did not apply here, and there was no reason for the court to give an extraneous instruction. The authority Wilson attempts to rely on is not to the contrary. Wilson merely cites cases where we defined such terms as "knowingly." *See, e.g.*, *United States v. Palmieri,* 21 F.3d 1265, 1273 (3d Cir. 1994) (defining "knowingly" as "with knowledge, that is, voluntarily and intentionally and not because of mistake or accident or other innocent reason"); *United States v. Agee*, 597 F.2d 350, 360, 360 n.35 (3d Cir. 1979) (upholding a jury instruction without further explanation that defined "knowingly" as "an act voluntarily and intentionally and not because of mistake, accident or other innocent reason"). None of those cases suggests that such a charge must be given in the absence of an appropriate foundation.

Moreover, assuming *arguendo* that the court erred in not giving such a charge here, the error still would not rise to the level of "plain" error because, given the absence of any testimony to support the charge, its omission would not "seriously affect the fairness, integrity, or public reputation of [the] judicial proceedings[.]" *See Johnson v. United States*, 520 U.S. 461, 466-67 (1997).

## IV. Mistrial

We also review the district court's failure to grant a mistrial for abuse of discretion. *United States v. Weaver*, 267 F.3d 231, 245 (3d Cir. 2001). Wilson claims the court erred in not granting a mistrial based on the testimony of his parole officer, Akaga Campbell. She testified that Wilson had recently been released from prison, that Wilson was an "offender," and that he

5

had recently failed a urinalysis test. Wilson is particularly troubled by her statements informing the jury of his positive urinalysis. However, the trial court immediately gave a cautionary instruction, and gave another instruction pertaining to that testimony during the general charge. The evidence was clearly relevant for a purpose other than Wilson's character because the officer was familiar with Wilson's room and the layout of the house where he stayed. The testimony was not introduced to inform the jury of his drug use, or for any other improper purpose.

We "normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming possibility' that the jury will be unable to follow the court's instructions . . . and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant . . . ." *United States v. Fisher*, 10 F.3d 115, 199 (3d Cir. 1993) (quoting *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987) (citations omitted)). We repeatedly have found that the proper remedy for improper testimony is a curative instruction rather than a mistrial. *See, e.g. United States v. Hakim*, 344 F.3d 324, 326 (3d Cir. 2003) (holding a curative instruction sufficient to remove any prejudice resulting from improper testimony regarding drug use).

Given the trial court's instructions here, we can not conclude that Wilson has satisfied his burden of showing that the jury could not have followed the instructions and instead considered the evidence for an improper purpose.

**V.**

For the reasons stated above, we will affirm the conviction.

6