UNITED STATES of America, Appellee,

v.

Calvin Earl JOHNSON, Appellant.

No. 77–1320.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 23, 1977.

Decided Aug. 29, 1977.

Robert L. Nussbaumer, St. Louis, Mo., for appellant.

Barry A. Short, U. S. Atty. and Stephen B. Higgins, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Calvin Earl Johnson appeals from his conviction, by jury verdict, on a one count indictment charging him with knowing possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871.

On appeal Johnson urges three grounds for reversal of his conviction: error in refusal to give an "absent witness" instruction, in admission of evidence of other wrongdoing or bad acts, and in admission of an oral statement which the government failed to disclose pursuant to pretrial motions. We affirm the conviction.

*Facts*

Henry Shrodes, a special agent of the Bureau of Alcohol, Tobacco, and Firearms, United States Treasury, testified that while working in an undercover capacity with a government informant, he discussed purchase of firearms with Gerald Nathan Boyd. Shrodes was using the street name "Jimmy D." during the investigation, and the informant was known as "White Folks." Boyd had told them that he could obtain weapons and had previously taken them to a certain address to buy a sawed-off shotgun, but the occupant had not been at home. On April 26, 1976, Boyd drove with Shrodes and the informant to the same address, where appellant, Calvin Earl Johnson, introduced as "Duck," entered the car.

Johnson and Boyd then directed the agents to drive to another house. During the drive, Johnson offered to sell the agents machine guns and hand grenades. At their destination, Johnson exited, entered a house, and returned with an object wrapped in a brown paper bag. He gave the bag to Boyd, who handed it to Shrodes. The object was a sawed-off shotgun. After Boyd and Johnson settled on the price, Shrodes paid Boyd $60 for it.

On cross-examination, the defense attempted to discredit Shrode's identification of Johnson. This was countered on redirect, when Shrodes, over objection, was allowed to relate the conversation that took place at the time of Johnson's arrest. On February 8, 1977, Shrodes went to the address where he had picked up Johnson in April and asked for Duck. Johnson appeared. Shrodes then identified himself as Jimmy D., and said, "You remember I was, you know, with White Folks," and Johnson answered, "Yeah." This testimony was corroborated by agent Thomas C. Doyle, who accompanied Shrodes.

The only other government witness was a United States Marshal who testified, in his capacity as witness security contact man, that the informant was no longer in the witness protection program and that the Marshal Service was unaware of his whereabouts. Johnson took the stand and denied being with Boyd or possessing a sawed-off shotgun on April 26, 1976.

### Absent Witness Instruction

■ The propriety of giving an "absent witness" instruction, directing the jury that failure of the prosecution to produce a witness, who is peculiarly within its power to produce, may give rise to the inference that his testimony would be unfavorable to the government, is a matter largely within the discretion of the trial court. *United States v. Kirk,* 534 F.2d 1262, 1280 (8th Cir. 1976); *United States v. Williams,* 481 F.2d 735, 738 (8th Cir.), *cert. denied,* 414 U.S. 1026, 94 S.Ct. 453, 38 L.Ed.2d 318 (1973). The instruction is not warranted if the defense does not adequately show that the

government possesses the sole power to produce the witness. *United States v. Kirk, supra,* 534 F.2d at 1280; *Walker v. United States,* 489 F.2d 714, 716 (8th Cir.), *cert. denied,* 416 U.S. 990, 94 S.Ct. 2399, 40 L.Ed.2d 769 (1974). In the present case, the government presented evidence that the informant's association with the government had been terminated and that his whereabouts were unknown. The defense did not produce evidence to the contrary. Therefore, the record does not indicate that this witness was particularly within the power of the government to produce, and the instruction was properly refused. *See United States v. Wilson,* 175 U.S.App.D.C. 173, 534 F.2d 375, 377–78 (1976); *United States v. Noah,* 475 F.2d 688, 691 (9th Cir.), *cert. denied,* 414 U.S. 1095, 94 S.Ct. 728, 38 L.Ed.2d 553 (1973).

### Evidence of Other Wrongdoing or Acts

■ Arguing that its prejudicial effect outweighed any probative value, Johnson contends that testimony concerning his offer to sell machine guns and hand grenades should not have been admitted. We disagree. For conviction of possession of an unregistered firearm under 26 U.S.C. § 5861(d), the government must show knowing possession of the item and knowledge that the item possessed is a firearm. *See United States v. Freed,* 401 U.S. 601, 607, 91 S.Ct. 1112, 28 L.Ed.2d 356, concurring opinion of Brennan, J. at 614 (1971); *United States v. Thompson,* 518 F.2d 534, 535 (8th Cir. 1975); *United States v. Moon,* 492 F.2d 902, 903 (8th Cir. 1974). Proof of knowledge is one purpose for which evidence of other crimes, wrongdoing, or acts may be admitted under Fed.R.Evid. 404(b), even if specific intent is not an element of the offense charged. *Sears v. United States,* 490 F.2d 150, 153 (8th Cir.), *cert. denied,* 417 U.S. 949, 94 S.Ct. 3077, 41 L.Ed.2d 670 (1974).

■ From testimony about Johnson's offer to sell firearms, made while en route to the house where he obtained the sawed-off shotgun, the jury could infer that he knowingly possessed the shotgun. *Accord, Unit-*

*ed States v. Stella*, 448 F.2d 522, 524 (9th Cir. 1971). Since the agents never discussed purchase of the shotgun with Johnson, and the shotgun was wrapped in a brown paper bag when Johnson was seen carrying it, this evidence of Johnson's knowledge was valuable and was not cumulative. The government did not dwell upon the evidence when examining the witness and did not comment upon it in closing argument. We conclude that its probative value outweighed the possibility of unfair prejudice.

### Admissibility of Defendant's Oral Statement

 Agent Shrodes testified that Johnson acknowledged that he remembered Shrodes at the time of his arrest when he said "Yeah." This testimony should not have been admitted, Johnson urges, because: (1) the government stated in response to Johnson's motion to suppress that it knew of no statement made by the appellant at the time of his arrest and did not intend to introduce any such statement; and (2) the statement was not disclosed by the government in response to Johnson's discovery motion made pursuant to Fed.R. Crim.P. 16.

There is no indication in Johnson's brief or the record that the government deliberately made a misrepresentation when it stated, in response to Johnson's motion to suppress, that it did not know of any statements made by Johnson at the time of arrest. Johnson does not offer any reasons for suppression of his oral acknowledgement, and therefore has not shown any prejudice from the government's response to the motion.

Furthermore, disclosure of the oral acknowledgement was not required by Fed.R. Crim.P. 16. Rule 16 lists, as subject to disclosure upon defendant's request, " * * * the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant * * * in response to interrogation by any person then known to the defendant to be a government agent * *."

Assuming that Johnson's response was an oral statement, it clearly was not made in response to interrogation by a person known to Johnson to be a government agent. On the contrary, no interrogation took place and Shrodes did not identify himself as a government agent, but by his undercover street name of "Jimmy D." In any event, Johnson did not ask for a continuance after the testimony was admitted, and does not show any prejudice to his substantial rights resulting from nondisclosure. We hold that the trial court did not abuse its discretion in admitting the testimony. *Accord, United States v. Crow Dog*, 532 F.2d 1182, 1189 (8th Cir. 1976), *cert. denied*, 430 U.S. 929, 97 S.Ct. 1547, 51 L.Ed.2d 772 (1977); *United States v. Swanson*, 509 F.2d 1205, 1209 (8th Cir. 1975).

The judgment is affirmed.