**UNITED STATES of America, Appellee,**

v.

**Michael R. ANDERS, Appellant.**

**No. 78–1668.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 8, 1979.

Decided July 16, 1979.

Rehearing Denied Aug. 8, 1979.

John E. North, Jr., Lathrop, Albracht & Swenson, Omaha, Neb., for appellant.

Thomas D. Thalken, Asst. U. S. Atty. (argued), and Edward G. Warin, U. S. Atty., Omaha, Neb., filed brief, for appellee.

Before STEPHENSON and McMILLIAN, Circuit Judges, and FILIPPINE, District Judge.[*]

FILIPPINE, District Judge.

Appellant Michael R. Anders appeals from his jury conviction on two counts of knowingly and unlawfully possessing a check for $922.00 drawn on the Treasury of the United States which had been stolen from the mail, in violation of Title 18 U.S.C. § 1708, and knowingly and fraudulently uttering and publishing the same with a forged endorsement, in violation of Title 18 U.S.C. § 495.[1]

This appeal concerns the refusal of the district court to give the "absent witness" instruction. As grounds for reversal of his conviction appellant urges that failure to give the instruction is reversible error because the witness, a government handwriting expert, was peculiarly within the power of the government to produce. We hold that the trial court did not abuse its discretion in refusing the instruction and thus affirm the conviction.[2]

The United States Treasury Check in question was issued in July, 1976 to First Sergeant Noble K. Kila in the amount of $922.00. Kila, who usually received his monthly paycheck in the mail, reported that he never received his July check. The check had been signed and presented for payment at the drive-in window of the Southroads Bank in Bellevue, Nebraska. Kila testified that the signature on the check was not his.

The teller to whom the check was presented testified that she became suspicious about the transaction and copied onto the check the license number of the car which, as it was later determined, was registered to Anders. The teller testified further that the man who handed her the check was the only person in the car. Later, the check was found to have on it seven latent fingerprints identified as those of the appellant. When interviewed by a Special Agent of the United States Secret Service in St. Louis in June of 1977, however, Anders was reported to have denied any knowledge about the check or being at the Southroads Bank in Bellevue, Nebraska.[3] He did, however, provide handwriting exemplars at that time.

At trial Anders admitted that he had been at the Southroads Bank and had presented the check but denied that he stole and endorsed the check. He testified that he had been in the Bellevue area and while returning to Omaha after visiting his girlfriend, picked up an unknown hitchhiker who was dressed in a serviceman's uniform. Anders testified further that the hitchhiker asked him to make a stop at the Southroads Bank so that he could cash a check. Anders alleged that he made the detour and that he handed the hitchhiker's check to the teller and gave the man the money from the bank. Anders then testified that he dropped off the hitchhiker in Omaha and never saw him again.

During pretrial discovery appellant was provided, inter alia, with information indicating that a Secret Service handwriting examiner was uncertain whether the name on the Kila check was written by Anders. A review of the record reveals that appellant did not, however, make any request

---

[*] The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri, sitting by designation.

[1] Appellant was given concurrent terms of one year imprisonment on each count.

[2] The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska.

[3] This testimony was presented by the government on rebuttal.

that the witness be produced nor did he try to subpoena the expert. The government argues further that it offered to produce the witness but its invitation was declined. Despite this, appellant, at the close of the evidentiary portion of the trial, requested that the trial judge give an "absent witness" instruction.[4] The trial judge refused that instruction[5] but did instruct the jury that reasonable doubt may arise not only from the evidence produced, but also from a lack of evidence.[6]

The rule which forms the basis of the "absent witness" instruction provides that "if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable. [citations omitted]." *Graves v. United States*, 150 U.S. 118, 121, 14 S.Ct. 40, 41, 37 L.Ed. 1021 (1893). It is well settled that the propriety of giving the instruction is within the discretion of the trial court. *United States v. Johnson*, 562 F.2d 515, 517 (8th Cir. 1977); *United States v. Kirk*, 534 F.2d 1262, 1280 (8th Cir. 1976), *cert. denied*, 433 U.S. 907, 97 S.Ct. 2971, 53 L.Ed.2d 1091 (1977); *United States v. Williams*, 481 F.2d 735, 738 (8th Cir.), *cert. denied*, 414 U.S. 1026, 94 S.Ct. 453, 38 L.Ed.2d 318 (1973). And as this Court said in *Johnson*, "[t]he instruction is not warranted if the defense does not adequately show that the government possesses the sole power to produce the witness." *United States v. Kirk, supra*, 534 F.2d at 1280; *Walker v. United States*, 489 F.2d 714, 716 (8th Cir.), *cert. denied*, 416 U.S. 990, 94 S.Ct. 2399, 40 L.Ed.2d 769 (1974).

In the instant case the appellant has made no showing that the government possessed the sole power to produce the witness. Nor did he attempt to call the witness himself. Rather, the appellant urges us to find that, although the witness may have been physically available, he was not practically available because of the possibility of bias arising out of his employment relationship with the government, and that the absent witness instruction was therefore necessary. On the record before the Court we decline to adopt such a view. Such a broad holding would unduly burden the investigative and prosecutorial functions of the government. The mere fact of employment with the government does not call for the giving of the absent witness instruction. See *United States v. Currier*, 454 F.2d 835, 839 (1st Cir. 1972); *United States v. Higginbotham*, 451 F.2d 1283 (8th Cir. 1971).

4. Appellant offered the following:
INSTRUCTION NO. 15
If you believe that the Government had the ability to produce stronger and more satisfactory evidence than that which was offered on any material point, you should distrust any weaker and less satisfactory evidence offered by it.
If it is peculiarly within the power of either the prosecution or the defense to produce a witness who could give material testimony on an issue in the case, failure to call that witness may give rise to an inference that his testimony would be unfavorable to that party.
The jury should always keep in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

5. At the instruction conference the trial court noted that the expert was available to both sides and that defense counsel was aware of the test and its results. Moreover, there is no claim that the government withheld evidence favorable to the defendant in contravention of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

6. Instruction No. 9 as given reads in pertinent part:
A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Since the burden is upon the prosecution to prove the accused guilty beyond a reasonable doubt of every essential element of the crime charged, a defendant has the right to rely upon failure of the prosecution to establish such proof. A defendant may also rely upon evidence brought out on cross-examination of a witness for the prosecution. The law never imposes upon a defendant in a criminal case the burden of calling any witnesses or producing any evidence.
If, upon full consideration of all the evidence of the government and of the defendant, your minds are in such condition that you cannot say that you feel a confidence amounting to a moral certainty that the defendant is guilty, then you have a reasonable doubt.

Appellant argues further that the principle of *Wesson v. United States*, 172 F.2d 931 (8th Cir. 1949), is controlling. In *Wesson* this Court found the absent witness instruction to be necessary "under the circumstances disclosed", *Id.* at 936, where the proof was entirely circumstantial and based on approximations. In *Wesson* a physician was convicted of violating the narcotics laws by altering prescriptions. He admitted altering the prescriptions but explained that he did so when patients he was visiting required a larger dose of narcotics than he had anticipated and that he would then change the amounts upon his return to the office. Thus there was no direct evidence of any illegal transactions but rather inferences that could possibly have been rebutted by testimony of patients and their family members who were present when the drugs were administered. Neither side called these witnesses who, it was argued, could have rebutted the inferences of guilt.

Here, however, the government's case was built on more than mere approximations and circumstantial evidence. Melody O'Brien, the teller at the drive-up window, testified that she saw only one person in the car and, having become suspicious about the transaction, wrote down the license number of the car on the check. Furthermore, the appellant's story was impeached by the testimony of the Secret Service agent who reported that Anders denied ever having been in Omaha around the time in question. As such, the proof was not built solely on approximations giving rise to "equivocal inferences of guilt as well as innocence" which, as in *Wesson* would have required the government to rebut any alternative explanations. *United States v. Higginbotham, supra*, 451 at 1285 (8th Cir. 1971). Rather, issues of credibility were presented to the jury which were resolved against the appellant. And, of course, issues of credibility and conflicts in the testimony are to be resolved by the jury. *United States v. May*, 419 F.2d 553 (8th Cir. 1969); *Smith v. United States*, 407 F.2d 356, 358 (8th Cir.), *cert. denied*, 395 U.S. 966, 89 S.Ct. 2113, 23 L.Ed.2d 753 (1969). The absent witness instruction was therefore not required under the circumstances in this case. *Compare United States v. Higginbotham, supra*, 451 F.2d 1283 (8th Cir. 1971).

Accordingly, the conviction will be affirmed.