UNITED STATES of America, Appellee,

v.

Willard EAGLE THUNDER, Appellant.

No. 83–2203.

United States Court of Appeals, Eighth Circuit.

Submitted May 9, 1984.

Decided July 31, 1984.

David L. Bergren, Fort Pierce, S.D., for appellant, Willard Eagle Thunder.

Philip N. Hogen, U.S. Atty., Sioux Falls, S.D., Robert A. Mandel, Asst. U.S. Atty., Pierre, S.D., for appellee.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Willard Eagle Thunder. appeals from a judgment entered in the district court[1] upon a jury verdict finding him guilty of first degree burglary and larceny committed within Indian country. We affirm.

Elaine Thompson was at home on the evening of February 22, 1983. Appellant visited Ms. Thompson at about 10 that evening. During this ten-minute visit, appellant was out of Ms. Thompson's sight for a couple of minutes. Shortly after appellant left, Ms. Thompson also left her house. She testified that she returned home around five o'clock the next morning, when it was still dark outside. After entering the house, Ms. Thompson discovered that her stereo unit, composed of a turntable, receiver, cassette deck. and two speakers, was missing. Also missing were approximately fifty to sixty casette tapes and some meat from her refrigerator. Upon checking further, Ms. Thompson found that one of her windows in the rear of the house had been unlocked from the inside. On February 25, Ms. Thompson talked to appellant's mother, who allowed her to look in the trunk of his car. In the trunk she found her cassette tapes.

On March 3, appellant told a criminal investigator for the Bureau of Indian Affairs that another individual had actually taken Ms. Thompson's property, but had asked Eagle Thunder to help him dispose of the property. He later named the individual as James Hawk Wing. At trial, Sam Flute testified that appellant came to his home at about ten o'clock on the morning of February 23 and offered to sell Flute a stereo and tapes. Flute testified that appellant told him he had broken into Ms.

Thompson's house and had taken the stereo and some meat from the house.

On appeal appellant argues that there was no evidence that the burglary was committed during the period between sunset and sunrise, as required by statute. See 18 U.S.C. § 1153; S.D.CODIFIED LAWS ANN. §§ 22–32–1, 22–32–15 (1979). This argument is without merit. Ms. Thompson testified that appellant visited her at 10 p.m., that she left her home shortly thereafter, and that upon returning home at 5 a.m., when it was still "dark" outside, she discovered items were missing. The only reasonable inference is that the burglary occurred between 10 p.m. and 5 a.m., when it was "dark" outside. The government need not prove the time of sunrise.

Second, appellant asserts that the district court erred in failing to give an "absent witness" instruction because the government did not produce James Hawk Wing as a witness for its case in chief. In this case, we find no abuse of discretion because appellant has "made no showing that the government possessed the sole power to produce the witness." United States v. Anders, 602 F.2d 823, 825 (8th Cir.1979).

Last, appellant asks this court to overrule well-established case law on the definition of value in 18 U.S.C. § 661. See United States v. Quinn, 467 F.2d 624, 626 (8th Cir.1972), cert. denied, 410 U.S. 935, 93 S.Ct. 1390, 35 L.Ed.2d 599 (1973). As a panel of this court we are, of course, without power to overrule prior case law. However, even assuming we had the power, on the facts of this case we would deny appellant's request.

Accordingly, the judgment of the district court is affirmed.

---

1. The Honorable Donald J. Porter, United States District Judge for the District of South Dakota.