**UNITED STATES of America, Appellee,**

v.

**Neal BURTON, Appellant.**

**No. 89–5233.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1989.

Decided March 1, 1990.

Scott F. Tilsen, Minneapolis, Minn., for appellant.

Richard E. Vosepka, Minneapolis, Minn., for appellee.

Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and McMILLAN,[*] District Judge.

WOLLMAN, Circuit Judge.

Neal Burton appeals his convictions for distribution of cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a). We affirm.

## I. BACKGROUND

In February 1988, Agent Ted Love of the Drug Enforcement Agency (DEA) began investigating Burton because of information on drug related activity that Love had received from a confidential government informant. The informant made arrangements for Love to meet Burton on February 24, 1988, at an apartment in Minneapolis. Love met Burton and purchased one ounce of cocaine from him for $1,300.

In November 1988, a grand jury rendered a single-charge indictment against Burton, and a warrant was issued for Bur-

ton's arrest. Later in November, Love recognized Burton walking on a sidewalk in Minneapolis. Love arrested Burton and took him to the local DEA office, where Sergeant Harvey Nordine took Burton through the booking procedure.

A hearing was held before a magistrate [1] on December 2, 1988, on Burton's motion to suppress evidence. The district court adopted the magistrate's recommendation that the motion be denied as moot because the government represented that it had not conducted any search or seizure in connection with the charge.

Trial was set for January 31, 1989. On January 24, 1989, Burton became aware that the government intended to charge him with possession of cocaine at the time of his arrest, based on cocaine found in his pocket during the booking process. Burton filed a motion in limine to preclude the admission of evidence for the government's failure to timely disclose the search and seizure. The district court [2] denied the motion. A superseding indictment was filed on February 1, 1989, charging Burton with a second count. After a second motion hearing, the district court denied a defense motion to suppress evidence of the cocaine seized from Burton at his arrest.

At trial, Sergeant Nordine testified that he found twenty-six small baggies containing cocaine in a shopping bag inside a pocket of Burton's parka at the time he booked Burton. Nordine testified that Burton told him that the bag did not belong to him and that he did not know how it had gotten into his coat pocket.

Burton's counsel attempted to cross-examine Love on whether he had previously represented in other proceedings that there had been no drug evidence seized other than the cocaine Burton sold to Love in February 1988 and also about the timing of the superseding indictment. In response to the government's objections, Burton's

---

[*] The HONORABLE JAMES B. McMILLAN, United States District Judge for the Western District of North Carolina, sitting by designation.

1. The Honorable Floyd E. Boline, United States Magistrate for the District of Minnesota.

2. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

counsel made an offer of proof that Love's testimony would be relevant to a defense that Burton had been framed. The district court sustained the government's objections, finding that the search and seizure issue before the court at the December motions hearing concerned only the original one-count indictment and did not involve the cocaine seized from Burton at the time of his arrest. The court also found the timing of the government's decision to charge Burton with a second count to be irrelevant.

The informant who arranged the February meeting between Love and Burton did not testify at trial. The district court denied Burton's motion for an "absent witness" instruction because the informant was unavailable to both parties. The jury returned guilty verdicts on both counts of the indictment. The district court sentenced Burton to twenty-four months' imprisonment.

## II. DISCUSSION

■ Burton contends that the court abused its discretion by refusing to allow him to present evidence that might have established that he was framed for possession of the cocaine found in his coat pocket, thus violating his Fifth Amendment right to a fair trial and his Sixth Amendment right to compulsory process.

Burton contends that the evidence he sought from Love on cross-examination, namely, the delay in the disclosure of the cocaine DEA officials seized at booking, was relevant to his defense that he had been framed because it put Love's credibility at issue and because the jury could reasonably infer that the government had framed Burton in view of its earlier representation that it had not obtained any evidence through search and seizure. The government responds by pointing out that it was the assistant United States attorney, and not Love, who stated at the first motion hearing that there had been no search and seizure. Also, the government argues that there had been no point to litigating the propriety of a search for an offense with which Burton had not yet been charged at the time of the December 1988 motion hearing.

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The district court has broad discretion in determining relevancy and admissibility of evidence. *United States v. Hollister*, 746 F.2d 420, 422 (8th Cir.1984). A district court's determination of relevancy will be overturned only when the court has abused its discretion. The district court may limit cross-examination to prevent the admission of irrelevant material. *United States v. Sherman*, 821 F.2d 1337, 1341 (9th Cir.1987); *United States v. Castro*, 788 F.2d 1240, 1244–47 (7th Cir.1986); *United States v. Rankin*, 572 F.2d 503, 505 (5th Cir.), *cert. denied*, 439 U.S. 979, 99 S.Ct. 564, 58 L.Ed.2d 650 (1978).

We agree with the government's response to Burton's challenge to the district court's ruling. We conclude that the district court did not abuse its discretion in limiting cross-examination to exclude Burton's proposed line of questioning.

■ Burton contends that the district court erred in refusing an "absent witness" instruction. The absent witness instruction suggests that if " 'a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable.' " *United States v. Anders*, 602 F.2d 823, 825 (8th Cir.1979) (quoting *Graves v. United States*, 150 U.S. 118, 14 S.Ct. 40, 37 L.Ed. 1021 (1893)). The instruction should be given when the witness is peculiarly within the control of one party. *United States v. Johnson*, 562 F.2d 515, 517 (8th Cir.1977). "The instruction is not warranted if the defense does not adequately show that the government possesses the sole power to produce the witness." *Id.* The trial court's decision whether to give the absent witness instruction will be overturned only

for an abuse of discretion. *Anders,* 602 F.2d at 825.

The government maintains that the informant was no longer available to it at the date of trial, even though the informant had worked with the government for some time after the transaction between Agent Love and Burton. Burton does not dispute this, but essentially claims that because the informant was at one time in the control of the government, the court should have given the requested instruction. Burton asserts that holding to the contrary will permit the government to arrange for the unavailability of informants who assist in transactions incriminating defendants but who might also provide testimony unfavorable to the prosecution.

We disagree. The government has a "duty to make every reasonable effort to have [an informant shown to be a material witness] made available to the defendant to interview or use as a witness." *United States v. Barnes,* 486 F.2d 776, 779–80 (8th Cir.1973). Burton has shown no evidence to suggest that the government deliberately arranged for the unavailability of the informant here. Nor has Burton shown any evidence in the light of which we might view the informant's unavailability as suspect. In fact, Burton does not contest the diligence of the government in pursuing the informant. Rather, Burton's counsel admitted at trial that the informant was unavailable to both parties. Thus, we find that the informant was equally unavailable to both parties and not peculiarly within the control of the government.

Burton also challenges the constitutionality of the federal Sentencing Guidelines as violating the presentment clause, Article I, § 7, of the Constitution. Our holding in *United States v. Barnerd,* 887 F.2d 841 (8th Cir.1989), which rejected a similar challenge to the Guidelines, is dispositive of that issue here.

The judgment is affirmed.