56 F.3d 65
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Hollis CURTSINGER, Defendant-Appellant.
 No. 94-6343.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1995.
 
 E.D.Ky., No. 92-00010, Henry R. Wilhois, Jr., J.
 E.D.Ky. [APPEALING AFTER REMAND FROM 9 F.3d 110.]
 REMANDED.
 
 
 1
 Before: JONES and NORRIS, Circuit Judges, and DOWD, District Judge.*
 
 ORDER
 
 2
 Raymond Hollis Curtsinger appeals his judgment of conviction and sentence. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In 1992, a jury found Curtsinger guilty of one count of robbing a bank with a dangerous weapon in violation of 18 U.S.C. Sec. 371, one count of armed bank robbery in violation of 18 U.S.C. Secs.2113(a) and (d), two counts of carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. Sec. 924(c)(1), one count of being a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g)(1) and 924, one count of possession of an unregistered firearm in violation of 26 U.S.C. Secs.5861(d) and 5871, and one count of receiving, concealing and disposing of a stolen firearm which travelled in interstate commerce in violation of 18 U.S.C. Secs. 922(g) and 924. The district court sentenced Curtsinger to 212 months of imprisonment and five years of supervised release, imposed a $350 special assessment, and ordered him to pay restitution in the amount of $9,333.50, jointly and severally with his co-defendants. On appeal, this court affirmed Curtsinger's conviction; however, the court determined that the district court had improperly included the value of a stolen pick-up truck in calculating Curtsinger's base offense level, as well as ordering restitution for the truck. Consequently, the court remanded the case for resentencing. United States v. Curtsinger, Case Nos. 92-6044/6067 (6th Cir. Oct. 20, 1993) (unpublished per curiam), cert. denied, 114 S. Ct. 1233 and 1331 (1994).
 
 
 4
 Upon remand, the district court re-sentenced Curtsinger to 204 months of imprisonment and five years of supervised release, again imposed the $350 special assessment, and ordered restitution in the amount of $5.744. Curtsinger has filed a timely appeal. On appeal, counsel for Curtsinger has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Curtsinger has not responded to his counsel's motion to withdraw.
 
 
 5
 Upon review, we conclude that Curtsinger's argument that the Sentence Guidelines violate the Presentment Clause of the United States Constitution is without merit. The Guidelines were not promulgated in violation of the Presentment Clause. See United States v. Macias, 930 F.2d 567, 571-72 (7th Cir. 1991); United States v. Reed, 914 F.2d 1288, 1289 (9th Cir. 1990); United States v. Zapata-Alvarez, 911 F.2d 1025, 1027 (5th Cir. 1990); United States v. Burton, 898 F.2d 595, 598 (8th Cir. 1990).
 
 
 6
 We conclude that Curtsinger's argument that he was improperly convicted of two counts of carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. Sec. 924(c)(1) is meritorious. Both of the Sec. 924(c) convictions arose from a bank robbery occurring on November 19, 1991. Where the indictment charges a single predicate offense, a court may not enter a judgment of conviction against a defendant for multiple Sec. 924(c) counts in relation to that single predicate offense. See United States v. Taylor, 13 F.3d 986, 993-94 (6th Cir. 1994); see also United States v. Johnson, 25 F.3d 1335, 1337-38 (6th Cir. 1994)(en banc). As only one predicate offense (the bank robbery) exists for Curtsinger, the district court improperly convicted him of two Sec. 924(c) violations. Therefore, we remand his case so that the district court can vacate the count containing the lesser sentence, count three. See Taylor, 13 F.3d at 994. Curtsinger will still be subject to the ten year sentence on count four and his total sentence will remain unaffected, as the Sec. 924(c) sentences had been imposed concurrently.
 
 
 7
 Accordingly, we grant counsel's motion to withdraw, remand the case for the district court to vacate count three of Curtsinger's conviction, and affirm the district court's judgment in all other respects. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation