**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Mary WILSON, Defendant—Appellant.**

No. 04–30246.

D.C. No. CR–03–00031–DWM.

United States Court of Appeals,
Ninth Circuit.

Submitted May 5, 2005.*

Decided Aug. 26, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Josh Van De Wetering, Missoula, MT, for Plaintiff—Appellee.

Christopher J. Daly, Missoula, MT, for Defendant—Appellant.

Before WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

## MEMORANDUM**

Mary Wilson ("Wilson") was convicted of one count of conspiracy to distribute pseudoephedrine and two counts of distribution of pseudoephedrine. She was sentenced to 63 months imprisonment and two years of supervised release. Wilson appeals the district court's admission of alleged hearsay testimony on the grounds that it did not meet the requirements of the co-conspirator exception and that it violated her rights under the Confrontation Clause. Wilson also challenges the district court's refusal to admit hearsay evidence under the doctrine of "curative admissibility," and to offer a proposed jury instruction.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.[2]

### I.

Wilson challenges the district court's decision to admit testimony given by Brent La Mott regarding statements made by Donald Ware to Shane Meier as a nonhearsay coconspirator statement. We review the district court's decision to admit coconspirator statements for abuse of discretion and the underlying factual determination that a conspiracy existed and the statements were made in furtherance thereof for clear error. *United States v. Shryock*, 342 F.3d 948, 981 (9th Cir.2003), *cert. denied*, 541 U.S. 965, 124 S.Ct. 1729, 158 L.Ed.2d 411 (2004).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Although Wilson was sentenced under the then-mandatory United States Sentencing Guidelines, before the Supreme Court issued its opinion in *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 756–69, 160 L.Ed.2d 621 (2005), her attorney has informed us in supplemental briefing that she does not wish to pursue a limited resentencing remand pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc).

2. As the parties are familiar with the facts, we do not recite them here.

Wilson first argues that La Mott's testimony did not relay an admissible coconspirator statement because the government did not prove that La Mott was part of the conspiracy. An otherwise hearsay statement is admissible if it was made by a coconspirator of the defendant during the course and in furtherance of the conspiracy. FED.R.EVID. 801(d)(2)(E); *United States v. Kearns*, 61 F.3d 1422, 1425 (9th Cir.1995). While the *declarant* must be a member of the conspiracy, the witness testifying at trial need not be a member of the conspiracy in order for a coconspirator's statement to be admissible. *See United States v. Williams*, 989 F.2d 1061, 1067–69 (9th Cir.1993) (holding that statements by coconspirators to non-members of the conspiracy, introduced through the testimony of non-members, were admissible under Rule 801(d)(2)(E)); *see also United States v. Garcia*, 16 F.3d 341 (9th Cir.1994) (analyzing whether the *declarant,* not the undercover agent who testified as to the statement at issue, was a member of the conspiracy). Thus, despite the fact that La Mott was not a member of the conspiracy, the district court did not abuse its discretion in admitting La Mott's testimony.

■ Wilson next argues that the statement was not made "in furtherance of" the conspiracy. To be "in furtherance of" a conspiracy, "the statements must further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy." *Kearns,* 61 F.3d at 1426 (quotations omitted). "mere conversation between coconspirators" does not qualify as nonhearsay. *United States v. Bibbero,* 749 F.2d 581, 583–84 (9th Cir. 1984) (quotations omitted).

Here, Ware's statement concerned the source of the pseudophendrine pills and it is plausible that the statement was made to convince Meier, a member of the conspiracy, that the source was loyal, consistent and reliable. *See Williams,* 989 F.2d at 1069 (holding that statements made to keep a coconspirator "informed as to the group's drug supply" were made in furtherance of the conspiracy); *Kearns,* 61 F.3d at 1425–26 (holding that statements made to convince a potential co-conspirator of the economic foundation of the conspiracy were made in furtherance thereof). Meier received methamphetamine from Ware, manufactured methamphetamine, and acted as an intermediary, introducing members of the conspiracy. Ware's statement to Meier about the source of the pills could have been made to "induce enlistment" and/or to "reassure" Meier about the continued existence of the methamphetamine production scheme. *See United States v. Yarbrough,* 852 F.2d 1522, 1535 (9th Cir.), *cert. denied,* 488 U.S. 866, 109 S.Ct. 171, 102 L.Ed.2d 140 (1988). On these facts, the district court did not clearly err in finding that the statement was made in furtherance of the conspiracy. We therefore conclude that the district court did not abuse its discretion in admitting La Mott's testimony as to Ware's statement to Meier as a coconspirator statement.

## II.

■ Wilson argues that the admission of the hearsay statement provided by La Mott violated her Confrontation Clause rights as articulated in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We review alleged violations of the Confrontation Clause de novo. *See Lilly v. Virginia,* 527 U.S. 116, 137, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999); *United States v. Nielsen,* 371 F.3d 574, 581 (9th Cir.2004).

Although *Crawford* did not define "testimonial," *id.* at 68, 124 S.Ct. 1354, the Court explicitly noted "statements in fur-

therance of a conspiracy" as an example of "statements that by their nature were *not* testimonial." *Id.* at 56, 124 S.Ct. 1354 (emphasis added). For statements that are *not* testimonial in nature, Confrontation Clause scrutiny need not apply, and the rule of *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), permits admission of an unavailable witness's statement against a criminal defendant so long as it "bears adequate indicia of reliability." *See Crawford,* 541 U.S. at 42, 68, 124 S.Ct. 1354 (internal quotation marks omitted); *Parle v. Runnels,* 387 F.3d 1030, 1037 (9th Cir.2004). This test is met where the declarant is unavailable and the evidence falls within a "firmly rooted hearsay exception," or bears "particularized guarantees of trustworthiness." *Roberts,* 448 U.S. at 66, 100 S.Ct. 2531. The admissibility of co-conspirator statements as nonhearsay qualifies as a "firmly rooted" hearsay exception under the *Roberts* test. *Bourjaily v. United States,* 483 U.S. 171, 183, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987); *Idaho v. Wright,* 497 U.S. 805, 815, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990); *United States v. Arambula–Ruiz,* 987 F.2d 599, 607 (9th Cir.1993).

We conclude that because the district court did not abuse its discretion in admitting Ware's statement to Meier as a nonhearsay co-conspirator statement, it is not testimonial in nature. *See Crawford,* 541 U.S. at 56, 124 S.Ct. 1354. The statement was more like a "casual remark to an acquaintance" than the type of "formal statement to government officers" to which the Confrontation Clause applies. *Id.* at 51, 124 S.Ct. 1354. Wade's statement was not made "under circumstances which would lead an objective witness reasonably to believe that [it] would be available for use at a later trial" *see Parle,* 387 F.3d at 1037, because it was made off-hand between coconspirators, in a noncustodial situation, and was overheard by La Mott.

In sum, we therefore conclude that the admission of the challenged statement did not violate Wilson's Confrontation rights.

### III.

Wilson argues that under the doctrine of "curative admissibility," she should have been permitted to introduce two letters Ware sent her when he was in custody that were exculpatory as to Wilson. The district court excluded this evidence as hearsay. We review for an abuse of discretion the district court's decision to exclude evidence under the hearsay rule, *Shryock,* 342 F.3d at 981, and whether to admit evidence under the doctrine of curative admissibility, *see Nguyen v. Southwest Leasing and Rental Inc.,* 282 F.3d 1061, 1067–68 (9th Cir.2002).

The doctrine of curative admissibility provides that "the introduction of inadmissible evidence by one party allows an opponent, in the court's discretion, to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission." *Nguyen,* 282 F.3d at 1067 (citing *United States v. Whitworth,* 856 F.2d 1268, 1285 (9th Cir.1988)). As discussed above, the testimony given by La Mott was not inadmissible. We therefore conclude that the district court did not abuse its discretion in refusing to admit the letters from Ware.

### IV.

■ Wilson argues that the district court abused its discretion in refusing to give her proposed "missing witness" jury instruction. Such an instruction is unwarranted "if the defense does not adequately show that the government possesses the sole power to produce the witness." *United States v. Anders,* 602 F.2d 823, 825 (8th Cir.1979); *see United States v. Noah,* 475 F.2d 688, 691 (9th Cir.1973). Here, Wilson

could have called Ware as a witness and has not shown that Ware was "peculiarly" within the government's power to produce. *Cf. Noah*, 475 F.2d at 691. Moreover, the court permitted Wilson's attorney, in his closing arguments, to point out to the jury that the government didn't call Ware as a witness. We conclude that the district court did not abuse its discretion in refusing to give Wilson's proposed instruction.

**AFFIRMED.**