# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1257

_____

United States of America,      *
     *
          Appellee,      *
     *   Appeal from the United States
      v.      *   District Court for the
     *   Southern District of Iowa.
Rebecca L. Enriquez,      *
     *
          Appellant.      *

_____

Submitted:  November 16, 1999

Filed:  January 13, 2000

_____

Before RICHARD S. ARNOLD, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

Rebecca L. Enriquez was convicted by a jury of one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846.  Her co-conspirators, Domingo Rubio-Perez and Maria E. Rubio pled guilty and agreed to cooperate with the government in an effort to reduce their sentences.  Both testified at trial[1] against Enriquez.  On appeal, Enriquez challenges the sufficiency of the evidence.  We affirm.

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, presiding.

The events leading to Enriquez's arrest stem from an investigation of Domingo Rubio-Perez by the Muscatine County Drug Task Force (task force). On the evening of February 16, 1998, after several days of negotiations for the purchase of five pounds of methamphetamine, Rodney Rogers, an informant working for the task force, was directed by Rubio-Perez to come to his residence to complete the transaction. Meanwhile, members of the task force set up surveillance outside Rubio-Perez's residence. When Rogers arrived at the house, he was told the methamphetamine had not yet arrived. During their surveillance of Rubio-Perez's house, officers observed Enriquez drive up in a red car. They saw her go to the front door of the house, then return to her car to retrieve a plastic bag. The bag contained a box covered with duct tape. Enriquez then returned to the house, handed the bag to Rubio-Perez, and immediately left. After she had left, Rogers emerged from the residence, provided members of the task force with a sample of the methamphetamine, and was given money to complete the transaction. Rogers then returned to the house and was given a box in exchange for the money. The box was a twelve-pack of Budweiser Light beer sealed with duct tape and containing five pounds of methamphetamine wrapped in duct-taped bundles.

When considering a challenge to the sufficiency of the evidence to support a guilty verdict, we view the evidence in the light most favorable to the verdict and accept as established all reasonable inferences supporting the verdict. See United States v. Maggard, 156 F.3d 843, 846 (8th Cir. 1998), cert. denied sub nom. Maggard v. United States, 119 S.Ct. 1094 (1999), and cert. denied, 119 S.Ct. 1372 (1999). To convict a defendant of conspiracy, the government must prove beyond a reasonable doubt that: (1) there was a conspiracy with an illegal purpose; (2) that the defendant was aware of that conspiracy; and (3) that he or she knowingly became a part of it. See United States v. Mosby, 177 F.3d 1067, 1069 (8th Cir. 1999). Once a conspiracy is established, only slight evidence linking the defendant to the conspiracy is required to prove the defendant's involvement and support the conviction. See id. Enriquez argues that the evidence presented at trial was insufficient to support her conviction. Although

she concedes that the evidence was sufficient to demonstrate that a conspiracy existed, she argues that there was insufficient evidence that *she* was a knowing participant in the conspiracy. Specifically, she claims that there was no evidence showing that she was aware of what was in the box she delivered to Rubio-Perez's residence, and that her mere presence at the crime scene is not a sufficient basis for upholding her conviction. We agree that Enriquez's mere presence at the scene of a crime or her mere association with members of a criminal conspiracy would not be sufficient grounds on which to sustain the jury's verdict. See United States v. Reda, 765 F.2d 715, 719 (8th Cir. 1985). However, having carefully reviewed the record, in the light most favorable to the verdict, we find that the evidence is sufficient to support a reasonable juror's conclusion that Enriquez was not an innocent delivery person but rather a knowing participant in a conspiracy to distribute methamphetamine.

In addition to testimony from officers regarding Enriquez's conduct at Rubio-Perez's residence that night, Rubio-Perez testified that he had known Enriquez and her husband Robert Enriquez since 1984, that Robert Enriquez had obtained methamphetamine for him in the past, and that he had asked Robert Enriquez to supply the five pounds of methamphetamine for the current sale. Rubio-Perez further testified that both Robert Enriquez and "Bon-Bon," another individual involved in the transaction, had informed him that Enriquez would be the person delivering the methamphetamine.

Rubio-Perez also testified that when Enriquez first came to his door that night she informed him that she had a six-pack of pop for him and asked whether he wanted her to bring it to him. Rogers testified that he heard defendant ask Rubio-Perez, "Is it alright ?" Rubio-Perez also testified that when the defendant returned to the house bearing the box, she relayed to him a message from Robert Enriquez that he was to make sure he got the money first. Furthermore, in a later search of the Enriquez residence, police found a roll of duct tape similar to that used on the box on the dining room table. Police also found several empty twelve-pack Budweiser Light boxes in

garbage bags behind the residence. A search of Enriquez's purse produced almost two thousand dollars in cash. Finally, Rubio-Perez testified that while being transported to court in the same police vehicle after their arrests, Enriquez told him to blame everything on "Bon-Bon" and that she would help him out.

Enriquez also contends that the government's case rested heavily on the uncorroborated testimony of witnesses, particularly that of co-conspirator Rubio-Perez. We have stated numerous times that "'it is the sole province of the jury to weigh the credibility of a witness.'" See Maggard, 156 F.3d at 847 (quoting United States v. Wright, 119 F.3d 630, 634 (8th Cir. 1997)). The trial record shows that Enriquez's counsel cross-examined each of the co-conspirators with whom the government had made plea agreements as well as Rogers, the informant, and attempted to expose their potential for bias and self-interest. Furthermore, the jury was specifically instructed as to its role in weighing witnesses' testimony and credibility. The jury's decision to credit the testimony of those witnesses was within its province, and we will uphold the conviction if substantial evidence supports it. See id.

In sum, after a thorough review of the record, we cannot say that the evidence was insufficient to convince a reasonable juror of Enriquez's guilt beyond a reasonable doubt. Therefore, we affirm her conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.