# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1976/3125SI

_____

United States of America,

        Appellee,

v.

Robert C. Enriquez,

        Appellant.

\*
\*
\*
\*
\*  On Appeal from the United
\*  States District Court
\*  for the Southern District
\*  of Iowa.
\*
\*
\*

_____

Submitted: January 11, 2000
Filed: March 1, 2000

_____

Before RICHARD S. ARNOLD, FAGG, and HANSEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


Robert Enriquez pleaded guilty to possession with intent to distribute methamphetamine. He appeals his conviction and sentence, arguing that the District Court[1] erred by denying his motion to withdraw his plea. We affirm.

_____

[1]The Hon. Harold D. Vietor, United States District Judge for the Southern District of Iowa.

I.

Mr. Enriquez, according to his plea agreement, acquired five pounds of methamphetamine to sell to a ready buyer. When he had obtained the drugs, Mr. Enriquez asked his wife, Rebecca Enriquez, to deliver them to the buyer. She did so. Mr. and Mrs. Enriquez were subsequently indicted on charges arising from their respective roles in this drug sale. Mr. Enriquez was indicted on two counts: 1) conspiracy to distribute, and 2) possession with intent to distribute methamphetamine.

On October 26, 1998, the eve of his trial, Mr. Enriquez pleaded guilty pursuant to a written plea agreement. At the beginning of the plea proceeding, the Court reviewed the terms of the agreement with Mr. Enriquez. The agreement provided that Mr. Enriquez would plead guilty to possession with intent to distribute methamphetamine; in return, the government promised to dismiss the conspiracy count. The agreement also set out Mr. Enriquez's maximum and minimum sentences, and stated that he could not withdraw his plea if the sentence imposed within this range was different from what he expected. The Court also explained to Mr. Enriquez that, by its terms, the written agreement was the entire agreement between him and the government. Mr. Enriquez confirmed that he understood the contents and consequences of the agreement.

The Court then read the charge to Mr. Enriquez, and he pleaded guilty. Before accepting the plea, the Court questioned Mr. Enriquez and established that he understood the meaning of his plea, the penalties that he faced, and his right to a trial. Mr. Enriquez also swore that he had committed the crime to which he was pleading guilty, and that he was not being coerced into making his plea. Mr. Enriquez denied that any promises had been made to him as an inducement to plead besides those reflected in the written plea agreement. At the end of this colloquy, Mr. Enriquez confirmed his guilty plea, which the Court then accepted. After Mr. Enriquez had pleaded guilty, his wife was separately tried and convicted for her involvement in the

drug sale. We affirmed Mrs. Enriquez's conviction in <u>United States v. Enriquez</u>, \_\_\_\_ F.3d \_\_\_\_ (8th Cir. 2000).

On January 22, 1999, Mr. Enriquez filed a motion for leave to withdraw his guilty plea. On March 17, 1999, the Court heard arguments on Mr. Enriquez's motion. The Court denied the motion and sentenced him later that day to 135 months' imprisonment. On March 19, 1999, Mr. Enriquez filed this appeal.[2]

## II.

Mr. Enriquez argues that the District Court abused its discretion in denying his motion to withdraw his guilty plea because he showed "fair and just reasons" to withdraw. See Fed. R. Crim. P. 32(e). His arguments are without merit.

Mr. Enriquez argues, first, that his appointed attorney gave him incorrect advice about his potential sentence. This argument fails because the minimum and maximum sentences were set out in the plea agreement itself, and were also explained to Mr. Enriquez by the District Court.

Second, Mr. Enriquez argues that the District Court erred in denying his motion because he received ineffective assistance of counsel at his motion hearing. Mr. Enriquez alleges that his attorney had a conflict of interest and violated the "witness-advocate rule," that is, that his lawyer was improperly allowed to become a witness when he made certain factual representations to the District Court. He contends that

---

[2]Subsequently, on June 28, 1999, Mr. Enriquez filed a discovery motion with the District Court requesting access to all government files on himself. The Court denied this motion. Mr. Enriquez also appealed this denial. He has now conceded that his appeal on the discovery issue was frivolous. We affirm the decision of the District Court on this issue.

the District Court should have provided him with new counsel. Ineffective-assistance-of-counsel claims are not normally considered on direct appeal because, as here, the factual basis has not been adequately developed. United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997). The proper procedural mechanism for such a claim is a motion under 28 U.S.C. § 2255. United States v. Payton, 168 F.3d 1103, 1105 n.2 (8th Cir. 1999). Mr. Enriquez may seek post-conviction relief if he chooses, but the record has not been sufficiently developed for us now to consider his ineffective-assistance claim.

Mr. Enriquez argues, third, that he should be allowed to withdraw his plea because the government failed to keep an alleged promise to recommend an above-average sentence reduction for his wife. The District Court did not err in finding that no such promise was made. Mr. Enriquez's plea agreement states that it is the entire agreement between him and the government; the plea agreement contains no mention of Mrs. Enriquez. Mr. Enriquez swore to the Court that he had not received any promise outside the agreement as an inducement to his plea. This is sufficient evidence to support the District Court's decision. United States v. Griggs, 71 F.3d 276, 281 (8th Cir. 1995). Moreover, as a practical matter, Mrs. Enriquez actually did receive an extraordinary sentence reduction of 50 per cent., as opposed to the 20 per cent. expected.

Fourth, Mr. Enriquez argues that he had fair cause to withdraw his plea because of alleged mistreatment of his wife. Mr. Enriquez alleges that he was coerced into pleading because of threats of increased punishment against his wife and because his wife had been improperly coerced to offer testimony against him. At his plea proceeding, Mr. Enriquez was asked twice whether he had been threatened in any way to induce his plea. Mr. Enriquez denied any threat and explained that he was pleading guilty for his family. He never mentioned any threat to punish his wife or the threat of her testimony. Given his previous sworn statements, the District Court did not abuse its discretion in rejecting Mr. Enriquez's allegations.

Mr. Enriquez argues, fifth, that his plea was not voluntary, knowing, or intelligent because of the emotional stress that he was under at the time of the plea. The District Court, which had the opportunity to observe Mr. Enriquez's demeanor at the plea proceeding, rejected this argument. There is no reason in the record to doubt its judgment; Mr. Enriquez's answers show a thoughtfulness, even humor, inconsistent with an involuntary and unknowing state of mind. See United States v. Gray, 152 F.3d 816, 820 (8th Cir. 1998), cert. denied, 119 S. Ct. 1091 (1999).

Sixth, Mr. Enriquez argues that the prosecutor acted improperly by referring to matters not in evidence during his motion hearing. As the remarks were not objected to at the time, we review for plain error. The District Court listened to the arguments of both sides to determine the need for an evidentiary hearing. The remarks that Mr. Enriquez objects to were presented to the Court as evidence that "the Government would present if this is actually going to have an evidentiary hearing." The Court did not rely on any of these remarks as facts in denying Mr. Enriquez's motion. Accordingly, there was no error.

Finally, Mr. Enriquez argues that the District Court should have allowed him to withdraw his guilty plea because at the initial plea proceeding he gave nonverbal signs, lowering his eyes and hesitating, that he was not guilty. This argument fails because Mr. Enriquez did not assert his innocence at his motion hearing. In any case, the District Court did not abuse its discretion in giving more weight to Mr. Enriquez's solemn and sworn declaration of guilt than to purported nonverbal signals of innocence.

Accordingly, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.