# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2400

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Devoil Stanley Hicks, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 12, 2000

Filed:  December 22, 2000

_____

Before LOKEN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Devoil Stanley Hicks pleaded guilty to conspiracy to distribute and possess with intent to distribute crack cocaine. See 21 U.S.C. § 841(a), 846 (1994). The district court accepted Hicks's plea after conducting a proper hearing under Federal Rule of Criminal Procedure 11. Hicks then obtained new counsel and filed a motion to withdraw his guilty plea, alleging his first attorney told him his sentence would be no longer than ten years. In denying Hicks's motion, the district court said, "[Hicks] knew what he was doing at the time he entered that plea of guilty. There's absolutely no

question in my mind about that. He wasn't confused. He knew what the penalty was." Hicks now appeals his conviction and his thirty-year sentence.

Hicks first argues the district court abused its discretion in denying his motion to withdraw his guilty plea. Hicks failed to meet his burden to show any fair and just reason to withdraw his plea, however. Contrary to his assertion, Hicks knew the potential penalties for the conspiracy charge. The minimum sentence of ten years and the maximum sentence of life imprisonment were specified in Hicks's plea agreement and his petition to plead guilty, and explained by the district court during the Rule 11 hearing. See United States v. Enriquez, 205 F.3d 345, 348 (8th Cir. 2000). Further, the district court explained Hicks's rights and the consequences of pleading guilty, Hicks said he understood them and had no questions about them, and said he had no defense to the conspiracy charge. We thus conclude Hicks's plea was knowing and voluntary. We do not consider Hicks's claim that his first attorney's assistance was constitutionally deficient because it is more properly raised in collateral proceedings. See id.

Hicks next asserts the district court should not have enhanced his sentence for possession of a gun during the conspiracy. See U.S.S.G. § 2D1.1(b)(1). According to Hicks, it is clearly improbable that he possessed any guns in connection with the crime. We disagree. Testimony at the sentencing hearing showed that during the conspiracy, guns were present and were connected with the criminal activity. See Brown v. United States, 169 F.3d 531, 532 (8th Cir. 1999). Indeed, Hicks himself possessed at least three, and had one mailed to California with drug money.

Hicks also contends he is less culpable than most of the other participants in the conspiracy, and thus, the district court should not have increased his base offense level by four points for his aggravating role as an organizer or leader of criminal activity that involved five or more participants, see U.S.S.G. § 3B1.1(a), and instead should have given him a reduction for his mitigating role as a minor participant, see id. § 3B1.2(b).

We conclude the district court properly assessed Hicks's role. Evidence at the sentencing hearing showed Hicks's had authority and control over the conspiracy.

After the district court sentenced Hicks to thirty years in prison, the United States Supreme Court decided Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). In Apprendi, the Court held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be charged in the indictment and proved to a jury beyond a reasonable doubt. See id. at 2362-63. Hicks's indictment contains no allegation of drug quantity and a jury did not find drug quantity beyond a reasonable doubt. Nevertheless, we have held sentences "within the statutory range authorized by § 841(b)(1)(C) without reference to drug quantity are permissible under Apprendi . . . even where the drug quantity was not charged in the indictment or found by the jury to have been beyond a reasonable doubt." United States v. Aguayo-Delgado, 220 F.3d 926, 934 (8th Cir.), cert. denied, 2000 WL 1634209 (U.S. Nov. 27, 2000). Statutory sentencing ranges corresponding to specific drug quantities are provided in §§ 841(b)(1)(A) and 841(b)(1)(B). Maximum sentences regardless of drug quantity are provided in § 841(b)(1)C). Section 841(b)(1)(C) generally allows a twenty year maximum sentence. If the defendant committed his current drug offense "after a prior conviction for a felony drug offense has become final," however, the maximum sentence is thirty years. See id. It is unclear from oral argument and the record whether Hicks had an earlier felony drug conviction when he committed the current offense. If so, his thirty-year sentence does not exceed the maximum sentence provided in § 841(b)(1)(C), and thus is permissible under Apprendi. If Hicks does not have an earlier felony drug conviction, the district court should resentence Hicks. In doing so, the district court should permit the parties to raise issues, including the consequences, if any, of Hicks's stipulation in the plea agreement that he should be held responsible for 1.5 kilograms of crack cocaine.

We thus affirm Hicks's conviction, but remand for further proceedings regarding Hicks's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.