UNITED STATES of America Plaintiff

v.

Dennis A. JACKSON Defendant

No. 03–20012.

United States District Court,
W.D. Arkansas,
Ft. Smith Division.

Dec. 5, 2003.

Eddie N. Christian; William G. Horton; Ernest W. Witt, for Plaintiff.

Christopher D. Plumlee, for Defendant.

### MEMORANDUM OPINION AND ORDER

DAWSON, District Judge.

Currently before the Court is Defendant's Motion to Change Plea and the Government's Response. (Docs.47, 50.) A hearing was conducted on this motion on December 4, 2003. For the reasons stated below, the motion is DENIED.

### I. BACKGROUND

On August 12, 2003, Defendant entered a conditional guilty plea to all seven counts of the indictment, reserving only the right to appeal the denial of his motion to suppress. (Docs.39, 40.) At the time of his plea, Defendant was represented by Eddie Christian, Sr. and Ernie Witt. Defendant retained Mr. Christian to represent him when the charges were first filed against him. According to Defendant, he did not "see eye to eye" with Mr. Christian, so he asked his wife, Carla Jackson, to hire someone to "oversee" Mr. Christian to ensure that he did not "sell [Defendant] out." Mr. Witt entered an appearance as co-counsel on May 29, 2003. (Doc. 25.)

On October 27, 2003, Mr. Christian filed a motion to withdraw and attached a letter dated October 14, 2003, from Defendant's wife advising Mr. Christian that Defendant had given Mrs. Jackson power of attorney, that hiring Mr. Christian had been a mistake, and that Mr. Christian's services were no longer needed. (Docs.41, 42.) On November 13, 2003, Mr. Witt filed a motion to withdraw, indicating that Mrs. Jackson had informed him that she had retained Bill Horton to represent Defendant. (Doc. 44.) The Court granted Mr. Christian's and Mr. Witt's motions to withdraw and Mr. Horton entered an appearance on Defendant's behalf on November 18, 2003. (Docs.43, 45, 46.) On November 21, 2003, Mr. Horton filed a motion requesting that Defendant be allowed to withdraw his guilty plea. (Doc. 47.)

As grounds for the motion, Defendant asserts that Mr. Witt had a conflict of interest in representing Defendant as he also represented Mrs. Jackson on state charges stemming from the same facts. At the hearing on the motion, Defendant testified that he never wanted to enter a plea and that he always intended on going to trial. According to Defendant, on the morning the trial was scheduled to commence, Mr. Christian and Mr. Witt met with Defendant in the courthouse holding cell and insisted that he enter a plea. Defendant testified that they "would not accept no for an answer" and that when he insisted on going to trial, Mr. Christian became upset, left the holding cell, and instructed Mr. Witt to "handle it." Defendant testified that Mr. Witt then advised him that if he did not plea, "the feds would

prosecute Carla, she would get at least twenty years, and she was not strong enough to handle that." According to Defendant, Mr. Witt promised that if Defendant pled guilty, Mr. Witt could "guarantee Carla drug court" on the state charges. Defendant testified that he pled guilty to "save" Mrs. Jackson. Defendant argues that "based on these factors, and the fact that this Court failed to conduct an inquiry regarding the conflict pursuant to Federal Rule of Criminal Procedure 44(c), one can only conclude that Mr. Witt made these statements in an effort to coerce Mr. Jackson into taking a plea or that his statements constitute a conflict of interest." (Doc. 48 at 3.)

Mr. Witt testified that Mrs. Jackson hired him to represent her on the state charges and subsequently hired him to also serve as Defendant's co-counsel, with Mr. Christian acting as Defendant's "primary attorney." Mr. Witt corroborated Defendant's testimony that prior to the trial date, Defendant had repeatedly stated that he wanted a trial and Mr. Witt testified that he and Mr. Christian were fully prepared to proceed to trial. However, according to Mr. Witt, the morning of trial, Mr. Christian advised him that Defendant wanted to visit with him. Mr. Witt testified that Defendant's chief concern was about what was going to happen to his wife on the state charges. Mr. Witt telephoned the state prosecutor who agreed to process Mrs. Jackson through drug court if Defendant pled guilty on the federal charges. Mr. Witt explained this offer to Defendant and Defendant then stated that he wanted to plead guilty. Mr. Witt testified that neither him nor Mr. Christian, both of whom are very experienced attorneys, ever mentioned the possibility of Mrs. Jackson facing federal prosecution. Mr. Witt characterized this allegation as an "outright fabrication" and asserted that he and Mr. Christian would never do such a "juvenile" thing. Mr. Witt explained that

Mrs. Jackson was subsequently interviewed for drug court but was rejected from the program because she refused to admit to having a drug problem. Mrs. Jackson is set to proceed to trial on the state charges, with Mr. Witt still acting as her counsel, on January 13, 2004.

## II. DISCUSSION

■ Under Federal Rule of Criminal Procedure 11(d)(2)(B), once a court accepts a guilty plea, a defendant may withdraw that plea only if he can show a "fair and just reason for requesting withdrawal." A Defendant has no absolute right to withdraw a guilty plea. *See United States v. Nichols,* 986 F.2d 1199, 1201 (8th Cir. 1993). The factors to be considered in determining whether a defendant should be allowed to withdraw his plea are whether the defendant establishes a fair and just reason, whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the Government will be prejudiced if the Court grants the motion. *See id.*

### Fair and Just Reason

Rule 44(c) requires a court to inquire about the propriety of "joint representation" and advise each defendant of the right to effective assistance of counsel, including separate representation. Joint representation is defined under the rule as occurring when one attorney represents two defendants who are charged jointly or joined for trial. As Mrs. Jackson was not charged or joined for trial with Defendant in this Court, Mr. Witt did not engage in joint representation in this Court and Rule 44(c) would not apply.

■ While Rule 44(c) may not apply, the Sixth Amendment right to counsel contemplates the assistance of counsel free from conflicts of interest and a court has a

duty to inquire into the propriety of joint representation if a conflict is "sufficiently apparent." *See Berry v. United States,* 293 F.3d 501, 504 (8th Cir.2002). This duty exists even if counsel is retained, rather than appointed. *See United States v. Lawriw,* 568 F.2d 98, 101–03 (8th Cir. 1977). The Court had no duty to inquire into the propriety of the alleged joint representation, as there is nothing in the record indicating that anyone ever advised the Court that Mr. Witt was representing Mrs. Jackson on pending state charges[1] or alerted the Court to any circumstances from which it could have inferred that Mr. Witt labored under a conflict of interest.

In any event, even if the Court had a duty to inquire into the propriety of the alleged joint representation, the failure to do so does not entitle Defendant to withdraw his plea unless he can demonstrate that Mr. Witt had an actual conflict of interest and that it adversely affected the voluntary nature of Defendant's guilty plea. *See Berry,* 293 F.3d at 503. Defendant has failed to demonstrate that Mr. Witt had an actual conflict of interest. There is no indication that Defendant's wife's interests were adverse to his own. To the contrary, the evidence indicates that the two were unified in pursuing counsel and in their positions on their respective charges. While Defendant allegedly entered into the plea agreement to "save" his wife, this did not create a conflict of interest. *See Mosier v. A.I. Murphy,* 790 F.2d 62, 66 (10th Cir.1986)(concluding that counsel's representation of defendant's wife did not create a conflict of interest even though central benefit derived from defendant's guilty plea was protection of his wife from prosecution).

The real question in this case is whether the alleged threat that Mrs. Jackson would face federal prosecution affected the voluntary nature of Defendant's plea. First of all, we credit Mr. Witt's testimony that no such suggestion was ever made and that Defendant decided to plead guilty once the state prosecutor agreed to process Mrs. Jackson through drug court. " 'If [an accused] elects to sacrifice himself' " by pleading guilty to protect third persons, " 'that is his choice.' " *See id.*

The Court suspects that Defendant had a change of heart about pleading guilty after his wife was rejected from the drug court program. The Court further suspects that dissatisfaction with the presentence report might have caused Defendant's change of heart. While Defendant denied ever seeing the presentence report, the Court finds this implausible, as it was sent to Mr. Christian on October 22, 2003, and to Mr. Witt on October 29, 2003. Shortly thereafter, Defendant decided to retain Mr. Horton and seek to withdraw his plea. The presentence report was sent to Mr. Horton November 19, 2003, approximately two weeks prior to the hearing on the motion to withdraw.

Regardless, the Court is convinced that Defendant's guilty plea was knowing and voluntary. In the written plea agreement, which Mr. Witt read to Defendant prior to Defendant signing it, Defendant acknowledged that no oral agreements or promises had been made to him to induce him to change his plea to guilty and that he did not have a right to withdraw his plea. (Doc. 40 ¶¶ 18, 25.) At the plea hearing, the Court specifically inquired whether anybody had made any promises or assurances to Defendant other than what was in the plea agreement and whether anyone had attempted to force him to plead guilty and Defendant responded, "No, sir." (Tr.

---

1. While Mr. Witt testified that the magistrate may have inquired about the dual representation issue at the suppression hearing, the Court has reviewed the tapes of that hearing and no such inquiry occurred.

5.) The Court also specifically advised Defendant:

> [I]f you do enter a plea of guilty on these seven counts it may be difficult to take that back, if you decide this afternoon or next week or anytime before sentencing, oops, I made a mistake; I should have ... gone to trial.... [Y]ou must have a fair and just reason to be permitted to withdraw your plea.... You need to understand that that's a pretty high standard.... [M]y advice would be if there's any hesitation on your part to enter a guilty plea, that you not do it, because it may be difficult to take it back or to change it. (Tr. 11–12.)

Had Defendant felt coerced into signing the plea agreement or had concerns about Mr. Witt having any sort of conflict of interest, Defendant had every opportunity at the plea hearing to raise these issues with the Court. Defendant's failure to do so refutes his claim that his plea was not voluntary. *See United States v. Enriquez*, 205 F.3d 345, 348 (8th Cir.2000) (defendant was not entitled to withdraw guilty plea based on contention that he was coerced into pleading because of threats of increased punishment against his wife, where, at plea proceeding, defendant denied being threatened in any way to induce his plea and denied that he had received any promise outside plea agreement as an inducement to his plea); *see also United States v. Newson*, 46 F.3d 730, 733 (8th Cir.1995) (defendant's failure to assert objections to counsel's performance at plea hearing refuted his claim of ineffective assistance of counsel as a basis for withdrawing his plea). Thus, the Court concludes that Defendant has failed to demonstrate any fair and just reason for allowing him to withdraw his plea.

### Other Factors

Having concluded that Defendant has failed to establish any fair and just reason for withdrawing his plea, it is not necessary for the Court to address any other considerations. *See Nichols*, 986 F.2d at 1201. Nevertheless, the Court points out that while Defendant asserts that he is innocent of all but the drug charge, he acknowledged at the plea hearing that the Government could prove the facts supporting all seven counts of the indictment. In his presentence interview, Defendant also admitted his guilt to all counts. Further, over three months elapsed between his plea and the motion to withdraw it, during which time period, substantial resources were spent in preparing the presentence report. These considerations also weigh against allowing Defendant to withdraw his plea.

## III. CONCLUSION

Based on the foregoing, Defendant's motion to withdraw his plea (Doc. 47) is DENIED. Defense counsel suggested at the hearing that he could be prepared to proceed to sentencing by as early as next Friday, December 12, 2003. Accordingly, the parties shall have until December 12, 2003, to file objections to the presentence report. The sentencing hearing is hereby scheduled for December 18, 2003 at 9:00 a.m., but the hearing may be reset for January 15, 2004, should the Defendant elect not to waive the disclosure time periods set out in Federal Rule of Criminal Procedure 32. Defendant is directed to advise the Court on this issued by December 10, 2003.