**UNITED STATES of America,**
**Plaintiff,**

v.

**Robert Louis SALTER, Jr., Defendant.**

**Nos. 02–20047–001, 04–20008.**

United States District Court,
W.D. Arkansas,
Ft. Smith Division.

March 11, 2004.

Eddie N. Christian, Christian & Byars, David L. Dunagin, Fort Smith, AR, George L. Lucas, John B. Schisler, Feder-

al Public Defender, Fayetteville, AR, for defendant.

Robert Louis Salter, Jr., Fort Smith, AR, pro se.

Thomas C. Gean, Christopher D. Plumlee, U.S. Attorney's Office, Fort Smith, AR, for plaintiff.

## MEMORANDUM OPINION AND ORDER

DAWSON, District Judge.

Currently before the Court is Defendant's pro se Motion for Reconsideration filed in Case No. 02–20047–001. (Doc. 119.) Defendant moves the Court to reconsider the denial of his previously filed motion for "Withdrawal of Conditional Plea of Guilty and Demand for Trial in a Constitutional Article III Court." (Doc. 105.) The Court conducted a hearing on the motion to reconsider on March 10, 2004. For the reasons stated herein, the motion is DENIED.

## I. BACKGROUND

* On May 13, 2003, Defendant appeared before the Court and entered a conditional plea of guilty in Case No. 02–20047–001 to count one of the indictment, possession of a machine gun.

* In the written plea agreement, Defendant reserved the right to appeal the denial of his motion to suppress and the denial of other pretrial motions. (Doc. 89.)

* A sentencing hearing was scheduled for September 29, 2003. On that date, Defendant failed to appear and his attorney submitted to the Court Defendant's pro se motion to withdraw his guilty plea. Defendant reportedly left the motion at his attorney's office at some point during the weekend preceding sentencing.

* The Court issued a warrant for Defendant's arrest, but he could not be lo-

cated. Accordingly, the Court ruled on Defendant's motion to withdraw his plea—after the Government filed a response (Doc. 111)—without a hearing and, on November 5, 2003, the Court denied the motion on the merits.

* On January 7, 2004, an indictment was filed against Defendant in Case No. 04–20008, charging him with failure to appear for sentencing, in violation of 18 U.S.C. 3146(a)(1) and 3146(b)(A)(11).

* On February 1, 2004, Defendant was arrested. On February 12, 2004, Defendant was arraigned on the failure-to-appear charge and made a verbal motion requesting that he be allowed to represent himself in both cases pending against him.

* On February 17, 2004, the Magistrate Judge, after conducting a hearing on the issue, entered an order allowing Defendant to represent himself with the assistance of standby counsel.

* On March 4, 2004, Defendant filed the current motion for reconsideration stating:

[T]he defendant was not present at any hearing to argue the merits of his motion to withdraw his [plea] and was never notified of any such hearing. This has prejudiced the undersigned and denied him the opportunity to present arguments and his reasons to the court.... [T]he undersigned moves the Court to withdraw the order entered November 5, 2003[,] and allow him to make an argument as to why he should be permitted to withdraw said plea." (Doc. 119.)

* The Court conducted a hearing on the motion for reconsideration on March 10, 2004. Defendant appeared with standby counsel and was allowed to testify as well as make arguments in

support of his motion to withdraw his plea.

## II. DISCUSSION

■ Under Federal Rule of Criminal Procedure 11(d)(2)(B), once a court accepts a guilty plea, a defendant may withdraw that plea only if he can show a "fair and just reason for requesting withdrawal." A Defendant has no absolute right to withdraw a guilty plea. *See United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir. 1993). The factors to be considered in determining whether a defendant should be allowed to withdraw his plea are whether the defendant establishes a fair and just reason, whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the Government will be prejudiced if the Court grants the motion. *See id.*

### Fair and Just Reason

■ At the hearing on his motion to reconsider, Defendant stated that he "stood by averments 1, 2, 3, 4, 5 and 7" made in his original motion to withdraw his plea. As stated in the Court's previous order denying this motion, the jurisdictional and constitutional challenges made in these averments are patently frivolous. The Defendant reserved the right to appeal the Court's denial of his pro se motions raising these challenges in his conditional plea of guilty. Accordingly, they provide no basis for allowing him to withdraw his plea.

Defendant also stated that it was his "understanding" that he could withdraw his plea. At the plea hearing, the following exchange took place:

> **The Court:** [D]o you know that if you do enter a plea of guilty . . . that it may be difficult prior to sentencing to retract your guilty plea? In other words, if you enter a plea of guilty, it may be difficult,

if you decide this afternoon or next week that you've made a mistake and . . . should have proceeded on the not guilty plea and put the Government to trial? Do you understand that?
>
> **Defendant:** I do, Your Honor.
>
> **The Court:** The Eighth Circuit says you must have a fair and just reason to be permitted to withdraw a plea of guilty and that's a fairly high standard, very high standard. I want you . . . to know that. . . .
>
> **The Court:** Robert Louis Slater, Jr., sir, how do you plead to Count I of the Indictment, guilty or not guilty?
>
> **Defendant:** Guilty, Your Honor.

(Plea Tr. at 17–18, 20–21.)

Defendant stated that he understood this to mean that it would be "difficult" but not "impossible" for him to withdraw his plea. Defendant is well-educated and the Court does not believe that he labored under any misunderstanding as to any right to withdraw his plea.

■ According to Defendant, the "primary reason" he wishes to withdraw his plea is "coercion." Defendant explained he was advised that if he pled guilty and accepted responsibility for ownership of the weapons listed in the indictment, then his son, a co-defendant in the case, would be eligible for a reduction for his role in the offense; otherwise his son's "sentence would be enhanced." Defendant's son received a four-level reduction for being a minimal participant in the offense. Defendant stated that he felt compelled to plead guilty by his love for his son and his desire to help his son and that he believes this meets the "definition of coercion."

■ At the plea hearing, the Court specifically asked Defendant, "Has anyone made any promises or assurances to you of any kind to get you to execute the agreement other than what's reflected within

the agreement itself?" Defendant responded, "No, Your Honor." (Plea Tr. at p. 11.) Had Defendant felt coerced into signing the plea agreement, he had every opportunity at the plea hearing to raise this issue with the Court. Defendant's failure to do so refutes his claim that his plea was involuntary. *See United States v. Enriquez*, 205 F.3d 345, 348 (8th Cir.2000) (defendant was not entitled to withdraw plea based on contention that he was coerced into pleading because of threats of increased punishment against his wife, where, at plea proceeding, defendant denied being threatened in any way to induce his plea and denied that he had received any promise outside plea agreement as an inducement to his plea). " 'If [an accused] elects to sacrifice himself' " by pleading guilty to protect third persons, " 'that is his choice.' " *Mosier v. Murphy*, 790 F.2d 62, 66 (10th Cir.1986) (*quoting Kent v. United States*, 272 F.2d 795, 798 (1st Cir. 1959)). In any event, the Court does not believe Defendant's plea was in any way related to his son.

■ One other issue mentioned by Defendant at the hearing on his motion to reconsider was that he felt his former attorney's "defense efforts" were inadequate in relation to the "constitutional arguments" Defendant wished to make. Defendant explained that he considered his former attorney to be skilled and compassionate but that his actions were "constrained by his responsibilities to the Court." This provides no basis for allowing Defendant to withdraw his plea. As discussed above, Defendant was allowed to file pro se motions in which he raised arguments he termed constitutional and the Court considered these arguments on the merits and found them to be without merit. Again, Defendant's plea reserved his right to appeal the constitutional issues.

Based on the foregoing, the Court concludes that Defendant has failed to demonstrate any fair and just reason for allowing him to withdraw his plea. While it is unnecessary for the Court to address any other considerations, *see Nichols*, 986 F.2d at 1201, it will briefly do so.

### Other Factors

■ At the hearing on his motion to reconsider, Defendant stated that he believed the criminal statutes under which he was charged were unconstitutional. However, he admitted he owned and possessed the weapon listed in count one of the indictment. Defendant thus acknowledged that he cannot demonstrate he is innocent of that charge. Further, over four months elapsed between his plea and the filing of the motion to withdraw it on the day he was to be sentenced. During this time period, substantial resources were spent in preparing the presentence report. The Defendant acknowledged he had a copy of both the presentence report and its addendum and this report no doubt had a substantial bearing on his decision to not attend the sentencing hearing.

## III. CONCLUSION

Based on the foregoing, Defendant's Motion for Reconsideration (Doc. 119) is DENIED. Defendant stated at the hearing that he would be prepared to proceed to trial as scheduled on April 5, 2004, on the failure-to-appear charge in Case No. 04–20008. The Court hereby orders the following in connection with that case:

* The United States Marshal's Service is directed to return to Defendant the box of legal materials seized from his residence *during the second week of October*.

* While these materials may prove adequate for Defendant's purpose, Defendant and standby counsel shall have until **March 19, 2004**, to file any mo-

tions requesting that Defendant be allowed to personally conduct further legal research. The motion will be granted upon a showing of a necessity for the research and standby counsel's inability to perform the research for Defendant.

* The Government shall have until **March 24, 2004**, to respond to the pro se motions filed by Defendant on March 5, 2004 (Doc. 16). Defendant shall have until **noon on March 29, 2004**, to file a reply. The Court will rule on these motions at the pretrial hearing.

* The Court will conduct all voir dire in the trial of this matter and the parties shall have until **noon on March 29, 2004**, to submit proposed voir dire questions.

* Defendant will not be permitted to make any arguments challenging the constitutionality of any of the statutes at issue or the jurisdiction of this Court in the presence of the jury. Any arguments Defendant wishes to make on these issues will be made before the Court at the pretrial hearing and at bar-side outside the presence of the jury during the trial.

* The pretrial hearing is scheduled for **9:00 a.m. on Friday, April 2, 2004**. All pretrial motions must be filed by **noon on March 29, 2004**.