# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3791

_____

United States of America,    *
                             *
         Appellee,           *
                             *   Appeal from the United States
    v.                       *   District Court for the
                             *   District of Minnesota.
Aaron Scott Hare,            *
                             *      [UNPUBLISHED]
         Appellant.          *

_____

Submitted: July 7, 2004
Filed: July 26, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Aaron Hare appeals the district court's[1] judgment entered after he pleaded guilty to distributing 104.3 grams of a substance containing 52.1 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). We affirm.

The plea agreement and sentencing stipulations provided that the offense in question was punishable by a statutory term of 10 years to life imprisonment, and that Hare faced a Guidelines imprisonment range of 120-135 months. At the change-of-

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

plea hearing, the district court questioned Hare in conformity with Federal Rule of Criminal Procedure 11, and Hare affirmed that he understood he faced a 10-year minimum sentence based on the nature and weight of the drug involved. There were no objections to the presentence report (PSR), which described the offense conduct and Guidelines calculations consistent with the plea agreement, and which calculated a Category III criminal history. Although at sentencing Hare made a pro se request for a second opinion on the purity of the methamphetamine he sold, his counsel affirmed Hare's adherence to the plea agreement, and Hare did not comment further. The district court--after finding that the plea was knowingly and voluntarily entered--sentenced Hare at the bottom of the Guidelines range to 120 months imprisonment and 5 years supervised release.

On appeal, Hare contends he entered an unknowing and involuntary stipulation of fact in his plea agreement. He claims that although he "entered the overall plea agreement knowingly, voluntarily, and intelligently," he did not understand the sentencing impact of the drug-purity stipulation. Hare seeks a new sentencing hearing to allow purity testing, but does not want to withdraw his guilty plea. He also argues that the district court plainly erred in calculating his criminal history score, but concedes that the alleged error had no effect on his criminal history category. The government urges affirmance, and has moved to supplement the record with material in support of its argument that Hare's criminal history score was correctly calculated.

We find no merit to Hare's argument concerning the drug stipulation, as he was unquestionably advised of the minimum and maximum sentences in his written plea agreement and during the plea hearing. See United States v. Enriquez, 205 F.3d 345, 348 (8th Cir.), cert. denied, 531 U.S. 890 (2000); United States v. Granados, 168 F.3d 343, 345 (8th Cir. 1999) (per curiam) (defendant who pleads guilty has no right to be apprised of sentencing options outside statutory minimums and maximums); see also United States v. Castaneda-Villa, 345 F.3d 668, 669 (8th Cir. 2003) (per curiam) (no sentencing error when district court sentenced defendant based on plea stipulations

and unobjected-to PSR statements).  To the extent Hare is suggesting that his counsel was ineffective, such a claim must be raised in a 28 U.S.C. § 2255 motion.  See Enriquez, 205 F.3d at 348.

Because the alleged error relating to Hare's criminal history calculation had no effect on his sentence, we do not decide the issue.  See United States v. Evans, 285 F.3d 664, 674 (8th Cir. 2002) (where no objection was raised, review is for plain error; no need to decide whether sentencing court plainly erred in criminal history calculation where alleged error had no effect and thus was harmless), cert. denied, 537 U.S. 1196 (2003).  We therefore deny as moot the government's motion to supplement the record.  The judgment of the district court is affirmed.

_____