# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3082

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Lawyer Campbell, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 12, 2005
Filed:  April 25, 2005

_____

Before MURPHY, BRIGHT, and MELLOY, Circuit Judges.

_____

PER CURIAM.

The government charged Lawyer Campbell with six counts of drug and firearm offenses.  At the jury trial, Campbell moved for a mistrial based on a statement the government made during closing arguments.  The district court denied the motion for a mistrial.  The jury found Campbell guilty on five of the six counts, and guilty of a lesser included offense on the remaining count.  The district court[1] sentenced Campbell to 364 months imprisonment. Campbell appeals, arguing the district court

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

abused its discretion in failing to grant a mistrial and his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. We affirm.

Campbell argues the district court abused its discretion in failing to grant a mistrial based on a statement the government made during closing arguments. During closing arguments, the government stated "Just as the burden is on the Government to prove that [the defendant is guilty beyond a reasonable doubt], the burden is on the defendant for his own actions." Campbell objected. The district court sustained the objection and instructed the jury to disregard the statement. Campbell then moved for a mistrial, which the district court denied. Although the comment was improper, Campbell's argument fails because he cannot show the remarks prejudicially affected his substantial rights so as to deprive him of a fair trial. See United States v. O'Dell, 204 F.3d 829, 834 (8th Cir. 2000) (noting that a mistrial may be granted for prosecutorial misconduct in closing arguments when (1) the remarks are in fact improper, and (2) the remarks prejudicially affect the defendant's substantial rights so as to deprive the defendant of a fair trial). "In assessing the prejudicial impact of prosecutorial misconduct we consider: 1) the cumulative effect of the misconduct; 2) the strength of the properly admitted evidence; and 3) the curative actions taken by the district court." United States v. Wadlington, 233 F.3d 1067, 1077 (8th Cir. 2000).

Here, the district court instructed the jury to disregard the statement, the cumulative effect of the statement was minimal, and the properly admitted evidence was strong. We determine that the district court did not abuse its discretion in refusing to grant a mistrial. See United States v. Cole, 380 F.3d 422, 426-27 (8th Cir. 2004) (reviewing the district court's denial of a motion for a mistrial for an abuse of discretion).

Campbell also argues his mandatory minimum sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. Under the circumstances of this case, Campbell's 364-month sentence is very harsh. We reject Campbell's

argument, however, because his sentence, required by 18 U.S.C. § 924(c)'s five-year statutory minimum sentence for count two and twenty-five-year statutory minimum sentence for count six, does not violate the Eighth Amendment.  <u>See</u> 18 U.S.C. § 924(c); <u>United States v. Farmer</u>, 73 F.3d 836, 840 (8th Cir.), <u>cert. denied</u>, 518 U.S. 1028 (1996); <u>see</u> <u>also</u> <u>Harmelin v. Michigan</u>, 501 U.S. 957 (1991).

Accordingly, we affirm.

_____